Allstate Insurance Company, a Corporation, Plaintiff-Appellee, v. Peter Conglis, a Minor, Nicholas P. Conglis and John J. Ahern, Defendants-Appellants.

Gen. No. 48,435.

First District, Second Division.

December 5, 1961.

George C. Thompson, of Chicago (John D. Vosnos and William C. Wines, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann, Oswell G. Treadway and Karl M. Tippet, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Defendants appeal from an adverse judgment in a suit under the Declaratory Judgment Act. The case was decided on the undisputed facts disclosed by the pleadings and attached exhibits. On October 13, 1958, Nicholas P. Conglis signed and swore to an application to Allstate Insurance Company for liability insurance under the assigned risk plan. Section 468 of the Insurance Code authorizes casualty companies to make agreements with respect to equitable apportionment among them of insurance afforded applicants who are in good faith entitled to but unable to procure casualty insurance through ordinary methods, and to agree on the use of reasonable rate modifications for that insurance, subject to the approval of the director. Policies under this plan are intended for persons who might be otherwise uninsurable and the rates are higher. The application states that the applicant does not have a driver's license, that his son has a driver's license, that there would be one operator of the automobile in applicant's household, that the car would be driven 2,000 miles during the following 12 months, that Peter M. Conglis 18 years of age, holder of a temporary driver's permit and a resident of applicant's household, would operate the automobile, and that the operator would drive "less than 10 miles one way to Wright College."

The policy was issued in the name of Nicholas P. Conglis, owner of the described 1952 Plymouth sedan automobile. His 18-year-old son Peter was to do all the driving of the vehicle. The car was to be used for Peter's daily trip to Wright College. On November 24, 1959, Peter was operating a 1955 Ford pickup truck owned by Peter Chrusiel near the intersection of Austin and Barry Avenues, Chicago, when it was

involved in an accident resulting in injuries and damages to John J. Ahern. The latter sued Peter Conglis and Peter Chrusiel and asked judgment for damages resulting from the accident. The insurer declined the request of Peter Conglis to defend him in the suit, stating that there was no coverage as to the accident. Thereupon the insurer sued Peter Conglis, Nicholas Conglis, his father, and John J. Ahern. A guardian ad litem was appointed for Peter. Peter Conglis and Nicholas Conglis appeal from the judgment that the insurance policy does not cover Peter Conglis with reference to the accident, and that the insurer has no obligation to Peter in the case arising out of the accident.

■■ The primary purpose in construing an insurance contract is to give effect to the intention of the parties as expressed therein. Where there is no ambiguity relative to the terms and conditions of the policy, the intention of the parties must be determined from the language of the policy alone, unless such construction would lead to unreasonable or absurd consequences. Appellants say that under the undisputed facts the only possible intention of the parties to the policy was that Peter should be covered, pointing out that Nicholas, the father, did not drive, that the car was to be used only for Peter's daily trip to Wright College, and that an additional premium was charged under the assigned risk plan.

■ The policy clearly sets out that there is no coverage for the driver of a vehicle not described therein unless the driver is the named insured or his spouse. There is nothing to indicate that coverage was sought for the purpose of driving a pickup truck. If it were intended otherwise it would have been a simple matter to make Peter the named insured. The fact that this was not done indicates that the father wanted to retain some control over the operation of

the vehicle which he owned. If the vehicle were to be used for purposes other than transportation to Wright College, it would be reasonable to assume that Peter would utilize it to chauffeur his father or mother in addition to his own personal use.

The defendants make no contention that the policy is ambiguous. If the intention of appellants and the insurer was to have coverage of other vehicles driven by Peter, the remedy would be a suit to reform the policy. The court was right in deciding that the policy did not cover Peter while driving a nonowned automobile.

Appellants argue that if the import of the application is not clearly in favor of Peter as a matter of law, the material facts were disputed and judgment on the pleadings was erroneous. The intention was to provide coverage for a 1952 Plymouth automobile which Peter was to drive to and from Wright College. There is no dispute that he was fully covered under the policy while driving the 1952 Plymouth to Wright College and other places. The policy was in effect over 13 months before the accident. It was presumably in the hands of either Nicholas or Peter Conglis and they were aware of the conditions. There was no question concerning coverage of Peter while driving the vehicle described in the policy. He was not the named insured, though he could have been. We are of the opinion that the record presented only a question of law.

The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.