Mid-Central Mutual Casualty Co., Plaintiff and Counterdefendant, and Appellee, v. Diane Spanjer, et al., Defendants and Counterplaintiffs, and Appellants.

Gen. No. 52,136.

First District.

October 31, 1968.

Lowell J. Myers, of Chicago, for appellants.

Max Earl Sherman, of Chicago, for appellee.

GOLDENHERSH, J.

Defendants appeal from the decree of the Circuit Court of Cook County entered upon allowance of plaintiff's motion for judgment on the pleadings in its action for a declaratory judgment.

On August 14, 1964, defendant, Sibyl Myers, was driving a station wagon occupied by all of the defendants except David Spanjer, owner of the vehicle. The station wagon was struck by a hit and run driver who remains unidentified.

At the time of the occurrence there was in force a liability policy issued by plaintiff covering the station wagon, with defendant, David Spanjer, as the named insured. There was also in force a liability policy issued by Government Employees' Insurance Company covering a vehicle owned by the husband of defendant, Sibyl Myers. Both policies contained Family Protection Coverage Endorsements providing coverage for damages for bodily injuries caused by uninsured automobiles.

Plaintiff filed this action seeking a declaratory judgment that its policy was not in force, and defendants filed a counterclaim for a declaratory judgment as to certain provisions of the uninsured automobile endorsement. Because of the arbitration agreement hereafter described, many of the issues raised by the pleadings are no longer material and are, therefore, not discussed.

During the pendency of this litigation, defendants made claim against Government Employees' Insurance Company under the uninsured automobile coverage provided in its policy, and were paid sums totalling $6,000.

Following the settlement with Government Employees' Insurance Company, plaintiff and defendants entered into an agreement to submit to arbitration all issues except the "effect of previous payments of settlement made with Government Employees' Insurance Company."

The arbitrators found for defendants and awarded them sums totalling $5,750. Defendants moved for judgments based on the awards, and plaintiff moved for judgment ". . . that the plaintiff is not indebted to the defendants or any of them in any amount. . . ." The trial court allowed plaintiff's motion and entered a decree in which it found that plaintiff is not indebted to defendants, and the award is not collectible. This appeal followed.

The provision of plaintiff's policy pertinent to the controversy is:

"(b) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii)

470

any other person or organization jointly or severally liable together with such owner or operator for such bodily injury. . . ."

The parties have briefed and argued a number of contentions which are not material to the issue presented, which simply stated is—under the quoted provision of plaintiff's policy, are the amounts of the awards to be reduced by the sums defendants received from Government Employees' Insurance Company?

In its policy Government Employees' Insurance Company agreed:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

In the insuring agreement of the standard form of automobile liability policy, the insurer agrees "to pay on behalf of the named insured. . . ." This is in marked contrast to the above quoted provision of the Government Employees' Insurance Company policy. Further, the uninsured automobile endorsement to the Government Employees' Insurance Company policy provides:

"Trust Agreement: In the event of payment to any person under this Part:

471

"(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; . . . ."

In our opinion these provisions cannot be construed to support plaintiff's contention that the payments made by Government Employees' Insurance Company were made "on behalf of" the insured motorist. Its liability arose from its contractual relationship with its named insured, and the payments which it made to defendants were not made by or on behalf of the owner or operator of the uninsured automobile. It is true that under the terms of the endorsement the amounts payable are those which defendants are legally entitled to recover from the uninsured motorist, but the sole effect of this provision is to determine the amount of Government Employees' Insurance Company's contractual liability.

We next consider whether Government Employees' Insurance Company is "any other person or organization jointly or severally liable together with such owner or operator for such bodily injury."

We have searched the uninsured motorist endorsement to its policy and have failed to find, and plaintiff has failed to point out, any language which makes it so liable.

Plaintiff argues that because the basis of defendants' claims is the personal injuries caused by the uninsured motorist, they are entitled to but one satisfaction of any amounts due for their injuries.

We have examined the cases cited by plaintiff in support of this contention and find them inapplicable to the facts here presented. Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449, and Aldridge v. Morris, 337 Ill App 369, 86 NE2d 143, involve payments by joint tort-feasors; in Niekamp v. Allstate Ins. Co., 52 Ill App2d 364, 202 NE2d

126, the policy contained a specific provision with respect to payments under a Workmen's Compensation law; Vignali v. Farmers Equitable Ins. Co., 71 Ill App2d 114, 216 NE2d 827, is so clearly distinguishable as to require no further discussion.

In Allstate Ins. Co. v. Conglis, 33 Ill App2d 370, 179 NE2d 434, this court, at page 372, said: "The primary purpose in construing an insurance contract is to give effect to the intention of the parties as expressed therein. Where there is no ambiguity relative to the terms and conditions of the policy, the intention of the parties must be determined from the language of the policy alone, unless such construction would lead to unreasonable or absurd consequences."

■ ■ The policy provision is explicit in its terms, and this court may not inject terms and conditions different from those therein contained. Lentin v. Continental Assur. Co., 412 Ill 158, 105 NE2d 735. The sums due as the result of the arbitration award are to be reduced only by the types of payment specifically enumerated, and the payments by Government Employees' Insurance Company are not of those specific types.

Plaintiff also argues that by reason of the settlement with Government Employees' Insurance Company the following exclusion applies, and it is thus relieved of liability. The pertinent provision of its policy is:

"This endorsement does not apply:

"(a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"

During oral argument, in reply to a question by the court, counsel for plaintiff stated that although the gen-

eral rule is that an insurer, having denied liability under its policy, cannot insist that the insured be bound by the provisions which inure to the insurer's benefit (see Sims v. Illinois Nat. Cas. Co. of Springfield, Illinois, 43 Ill App2d 184, 193 NE2d 123; Dinn Oil Co. v. Hanover Ins. Co., 87 Ill App2d 206, 230 NE2d 702), defendants had, under the terms of the arbitration agreement waived this point.

We cannot agree. Paragraph 2(a) of the arbitration agreement provides that one of the issues to be determined by the arbitrators is "whether all of the terms and conditions of the endorsement . . . have been complied with by claimants (defendants) . . . ."

The language of the agreement reserving for determination by the court the "effect of previous payments . . ." does not reserve the issue of consent. In the absence of a specific waiver in the arbitration agreement of the effect of the denial of liability, we hold that plaintiff cannot now rely on the exclusion.

For the reasons herein set forth the decree of the Circuit Court of Cook County is reversed, and the cause remanded to the Circuit Court of Cook County, with directions to enter judgments in favor of defendants on their counterclaim in the sums enumerated in the award of the arbitrators, and for costs.

Judgment reversed and remanded with directions.

MORAN and EBERSPACHER, JJ., concur.