STANLEY OLIPRA, Plaintiff-Appellant, *v.* JOSEPH ZAMBELLI, Defendant, (NEW AMSTERDAM CASUALTY COMPANY, Garnishee-Defendant-Appellee.)

(No. 53109—

First District—September 15, 1971.

Cummings & Wyman, of Chicago, (Stanley M. Cahn, of counsel,) for appellant.

Schaffenegger & Watson, of Chicago, (Jack L. Watson, of counsel,) for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order dismissing garnishment proceedings brought by Stanley Olipra, as a judgment creditor of Joseph Zambelli, against Zambelli's accident liability insurer, New Amsterdam Casualty Company (hereinafter New Amsterdam).

Stanley Olipra was injured on August 10, 1952, by an explosion of fireworks as he was standing in the vicinity of 2014 West Ohio Street in Chicago, Illinois, and watching the annual parade sponsored by the San Rocco Society. As a part of the parade fireworks were set off under the supervision of Joseph Zambelli. Olipra instituted an action against the Society as the sponsor of the parade, against Zambelli as the exhibitor of the fireworks, and against the City of Chicago. On November 26, 1958, judgment was entered in the amount of $12,000.00 in Olipra's favor against all three defendants, but on appeal the judgment was reversed with respect to the City of Chicago in *Olipra v. Zambelli,* 28 Ill.App.2d 460; 171 N.E.2d 798.

On August 4, 1964, Olipra commenced these garnishment proceedings against New Amsterdam. The court, after hearing testimony and considering argument and memoranda submitted by counsel, discharged New Amsterdam and dismissed the garnishment on the grounds (1) that the policy issued by New Amsterdam to Zambelli did not afford coverage

to the accident in question, and (2) that any action based on the policy was barred by the statute of limitations.

New Amsterdam's duplicate original of the policy involved herein was destroyed in the normal course of business prior to the commencement of the garnishment proceedings. The company, nevertheless, produced and attached to its amended answer what purports to be a reconstruction of the original policy. The reconstructed policy shows that the company insured Joseph Zambelli trading as Fazzoni Brothers Fireworks Company in the period from May 16, 1952, to May 16, 1953. The designated "purposes of use" was "Premises—Operations Coverage Only—Fireworks Exhibitions—Contractors Risk Only," and the extent of coverage for bodily injury was $25,000.00 for each person and $50,000.00 for each accident. A separate endorsement provides:

"Location of premises

The coverage afforded by this policy applies only to fireworks displays which are described by separate endorsement forming a part of this policy, to be in charge of employees of Fazzoni Brothers."

Another endorsement provides with reference to August 10, 1952:

"Location of display: Hubbard Street, Chicago, Illinois on August 10, 1952 (Cost of display—$1,000.00)"

We first consider whether the trial court erred in concluding that the policy only afforded coverage to Zambelli on August 10, 1952, for displays on Hubbard Street rather than for all fireworks exhibitions set off in connection with the San Rocco Society's annual festival and parade.

Joseph Zambelli contracted to provide fireworks for the San Rocco Society's annual parade and festival which was to be held on August 9, 10, and 11, 1952. He submitted an information form to New Amsterdam on April 12, 1952 which (1) listed the San Rocco Society as the sponsor of fireworks displays on August 9, 10, and 11, 1952, (2) which designated the location of the displays as "Hubbard Street," and (3) which set forth in detail the types and quantities of explosives to be used on each day of the festival. Prior to the date of the exhibition he obtained a Certificate of Fitness to conduct his business of displaying fireworks in the City of Chicago and a permit which authorized him to discharge fireworks on August 10, 1952, at 1416-1420 West Hubbard Street in Chicago. New Amsterdam issued an endorsement to its policy relating to August 10, 1952, which described the location of the display generally as "Hubbard Street, Chicago, Illinois," but which did not restrict the location to any specific address or to any particular portion of Hubbard Street.

■■ The primary object in the construction of an insurance policy

is to ascertain the intention of the parties as expressed in the language of the contract. (*Nationwide Insurance Company v. Ervin*, 87 Ill.App.2d 432, 231 N.E.2d 112, *Brown v. Farmers Automobile Insurance Association*, 106 Ill.App.2d 360, 245 N.E.2d 260.) If the words of the policy are clear and unambiguous the court without consideration of matters extrinsic to the contract should give effect to the plain and obvious import of the language used unless such construction would lead to unreasonable or absurd consequences. (*Mid-Central Mutual Casualty Company v. Spanjer*, 101 Ill.App.2d 468, 243 N.E.2d 452, *Allstate Insurance Company v. Conglis*, 33 Ill.App.2d 370, 179 N.E.2d 434). On the other hand if the terms and provision of a policy and ambiguous and uncertain, the court, in determining the significance to be given to the ambiguous and uncertain portions, should consider the purpose sought to be accomplished, the situation of the parties, the subject matter of the contract and the circumstances surrounding the issuance of the policy. (*Pierce v. Standard Accident Insurance Company*, 70 Ill.App.2d 224, 216 N.E.2d 818, *Clark & Company v. Fidelity & Casualty Company of New York*, 220 Ill.App. 576.) Ambiguous provisions or equivocal expressions in policies should be construed strongly against the insurer, who drafted them, and in case of ambiguity a reasonable construction of the language which affords coverage to an insured should be adopted. *Lenkutis v. New York Life Insurance Company*, 374 Ill. 136, 28 N.E.2d 86, *Michigan Mutual Liability Company v. Hoover Brothers*, 96 Ill.App. 2d 238, 237 N.E.2d 754.

For many years prior to 1952, the San Rocco Society had sponsored a festival and parade to raise funds for its activities. This festival and parade utilized a nearly identical format each year, and the route followed by the parade in 1952 was the same as it had been in earlier years. Joseph Zambelli contracted with the Society to provide fireworks at the 1952 parade and festival as he had done in the years immediately preceding. After concluding this contract, he specifically informed Amsterdam before the policy was issued that he would display fireworks for the Society on August 9, 10, and 11, 1952, and described and designated the types and quantities of fireworks which were to be discharged.

The only permissible inferences which can be drawn from these facts is that Zambelli reasonably expected to be afforded coverage under his policy of insurance for all his activities in connection with the San Rocco Society's parade. It makes little sense for Zambelli, whose object was to protect himself against the risks inherent in his trade, to seek coverage which extended only to a single street, the length of which is not disclosed in the record, when the route of the parade and the location of

the exhibition had been the same for many years. New Amsterdam knew the type and quantity of fireworks which were to be discharged and it knew or should have known the type of risk against which Zambelli sought to insure himself.

■■ In view of the facts and circumstances presented in this case we construe the ambiguous endorsements to the policy relating to August 10, 1952, as providing coverage for all accidents arising out of Zambelli's operations along the route usually followed by the Society's parade.

We next consider whether an action against New Amsterdam based on the insurance policy was barred by the statute of limitations. Stanley Olipra was injured on August 10, 1952, and he filed suit against Zambelli and others on September 17, 1952. On December 8, 1952, New Amsterdam, in response to inquiry by Zambelli's attorneys, replied by letter that it denied liability for the accident involving Olipra and refused to assume Zambelli's defense. Judgment was entered against Zambelli on November 26, 1958, and these garnishment proceedings were filed on August 4, 1964.

An action based on a written contract must be commenced within ten years after the cause of action accrued. (Ill. Rev. Stat., 1963, ch. 83, par. 17.) New Amsterdam contends that Zambelli's cause of action against it arose on December 8, 1952, when it denied liability under the terms of the policy. We disagree.

■■ Under the terms of the policy New Amsterdam agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed upon him by law for damages * * * because of bodily injury * * * caused by accident and arising out of the hazards hereinafter defined." Condition 12 of the policy provides that:

"[n]o action shall lie against the company . . . until the amount of the insured's obligation to pay shall have been finally determined either by a judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

It is clear from the terms and conditions of the policy that no action would lie against the company either by the insured or by a judgment creditor of the insured until the liability of the insured became fixed either by judgment after trial or by written agreement. Zambelli's liability to Olipra became fixed on November 26, 1958, when judgment was entered in the amount of $12,000.00. Olipra commenced these garnishment proceedings within six years after the rendition of judgment, and consequently the proceedings were not barred by the applicable statute of limitation.

For the foregoing reasons, the judgment order discharging New

612

Amsterdam and dismissing the garnishment proceedings is reversed. The cause is remanded with directions to enter judgment in favor of Stanley Olipra and against New Amsterdam Casualty Company for the sum of $12,000.00 plus interest thereon from November 26, 1958, as provided by statutes, together with plaintiff's costs.

Reversed and remanded with directions.

ADESKO, P. J. and DIERINGER, J. concur.