PAULINE KAESBERG, Plaintiff-Appellant, v. MILDRED STAFFORD, Defendant-Appellee.

(No. 70-161; )

Fifth District—February 29, 1972.

Roberts, Gundlach & Lee, of Belleville, (Richard M. Roessler, of counsel,) for appellant.

Brady, Donovan & Hatch, of Belleville, (Robert L. Gagen, of counsel,) for appellee.

Mr. PRESDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the trial court of St. Clair County granting the defendant's motion for summary judgment.

Plaintiff filed this suit alleging that she received personal injuries in an automobile collision, resulting from defendant's negligence. The collision involved three automobiles, one operated by defendant, Mildred Stafford, an automobile operated by Andrew Green, who was uninsured, and an automobile operated by plaintiff.

Prior to the commencement of this action, the plaintiff filed an uninsured motorist claim against her insurance carrier. The policy provided for binding arbitration under the auspices of the American Arbitration Association. An arbitrator was appointed and in February, 1968, a hearing was held. Subsequently the arbitrator awarded the plaintiff $4,400.

Plaintiff then filed this action against the defendant, the insured motorist. Defendant filed a motion for summary judgment alleging in substance that the plaintiff was barred from recovery against the defendant because

she had received an award under the uninsured motorist provisions of her automobile insurance policy. The motion further stated that the plaintiff was entitled to only one recovery for her alleged injury. The court granted defendant's motion for summary judgment.

Defendant-appellee cites no authorities which disclose any tenable theory under which plaintiff was barred from recovering against defendant because she had received an award under the uninsured motorist provision of her own policy. The only conceivable reason the trial court could have dismissed plaintiff's cause of action was on the theory advanced in the motion that there could be no contribution between joint tort feasors.

Plaintiff's uninsured motorist recovery was based upon a contract between plaintiff and her insurer. (*Mid-Central Mutual Casualty Co. v. Spanjer,* 101 Ill.App.2d 468.) The arbitrator's incidental ruling that the uninsured motorist negligently caused plaintiff's injuries was solely for the purpose of determining whether the insurer was liable under the contract, and if so, the extent of that liability. It did not convert the action from contract to tort, and plaintiff's cause of action against the instant defendant could not be extinguished on the theory that plaintiff had released or secured full satisfaction from a joint tort feasor.

We also fail to see how plaintiff would obtain a double recovery if she were successful in her suit against the defendant, for by the express terms of plaintiff's insurance agreement her insurer is entitled to the proceeds of all recovery in this suit up to $4,400.

For the aforementioned reasons, the trial court's order of summary judgment on defendant's motion is reversed, and this case is remanded to the trial court of St. Clair County, Illinois, for trial.

Reversed and remanded.

EBERSPACHER and JONES, JJ., concur.