MARTHA HARMAN, Plaintiff-Appellee, *v.* DENNIS W. HOUSE *et al.*, Defendants-Appellees—(AETNA CASUALTY AND SURETY COMPANY, a/k/a AETNA LIFE AND CASUALTY COMPANY, Garnishee Defendant-Appellant.)

(No. 56811;

First District—December 4, 1972.

Baker & McKenzie, of Chicago, (Francis D. Morrissey and Thomas R. Nelson, of counsel,) for appellant.

Charles T. Booher, Jr., of Chicago, for appellees Dennis and Orville House.

No appearance for appellee Martha Harman.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Martha Harman (plaintiff) recovered a judgment against Dennis W. House and Orville W. House (House) in an action based on an automobile collision. Plaintiff then filed garnishment proceedings against Aetna Casualty and Surety Company, also known as Aetna Life and Casualty Company (Aetna), insurer for House. After trial by the court, a judgment was entered in favor of plaintiff, from which Aetna appeals.

On November 5, 1964, Aetna issued an insurance policy to House. The policy was renewable every three months upon timely payment of the renewal premium. The policy provided that "If such premium is not paid when due, the policy shall terminate as of that date and such shall be the end of the policy period." The policy was duly renewed for three additional terms up to and including November 5, 1965. Approximately 20 days before this due date of November 5, 1965, Aetna sent House a "Coverage Memo" which stated, "Your policy will be continued in force for the policy period indicated [11/05/65 to 2/05/66] by payment of the premium shown on the accompanying premium notice on or BEFORE the *due date.*" House failed to pay the premium before the due date.

On November 29, 1965, House mailed Aetna a check for $68.00. This check was not accepted by Aetna but was returned to House uncashed on December 14, 1965. About December 1, 1965, Aetna also sent a finance company, which had a lien on the automobile, a written notice

of termination of the policy as of November 5, 1965. Handwritten figures "12-13-65" were inserted in this notice to indicate the termination date of the policy as regards the interest of the lienholder. The accident in question occurred on December 8, 1965. On December 10, 1965, the lienholder sent a letter to House advising them that the policy had been cancelled as of December 13, 1965.

The sole issue in the case is whether the liability coverage of the policy was in effect at the time the accident occurred. Aetna contends that the coverage was automatically terminated for nonpayment. House contends that the cancellation notice, which specified different cancellation dates for the lienholder and for the insured, created an ambiguity which must be construed against the insurer. (*Olipra v. Zambelli*, 1 Ill.App.3d 607, 610, 274 N.E.2d 877.) He also contends that an insurance policy cannot be cancelled after a loss has occurred so as to affect the rights of the insured. *Hasterlik v. New Jersey Fidelity & Plate Glass Insurance Co.*, 229 Ill.App. 604, 608.

■■ These theoretical principles urged by House are undoubtedly valid. However, they have no application to the facts of this case. The language of this policy creates no ambiguity. It states: "* * * this policy may be continued in force for successive policy periods by payment of the required continuation premium to Aetna Casualty on or before the effective date of each successive policy period. If such premium is not paid when due, the policy shall terminate as of that date and such date shall be the end of the policy period."

■■ Furthermore, the "coverage memo" sent to House during October of 1965 indicated specifically that coverage would be extended only if the premium were paid on or before the due date. This comports entirely with the policy itself. The due date was November 5, 1965 and the premium was not sent to Aetna until November 29, 1965. The policy of coverage of House had thus terminated. The insured and the insurer were both fully aware, or should have been, that their contract of insurance had terminated by its specific terms. Since no ambiguity existed, no rules of construction come into play. (*State Farm Mutual Automobile Insurance Co. v. Berke*, 123 Ill.App.2d 455, 460, 258 N.E.2d 838.) The policy was thus properly and effectively terminated on November 5, 1965, more than a month before the accident. The notice sent to the lienholder regarding coverage of its separate interest could not affect the contractual relationship between Aetna and House. In fact, House had no knowledge of this cancellation notice sent to the lienholder by Aetna, about December 1, 1965, until after the accident. Similarly Aetna bears no responsibility for the letter sent to House by the lienholder advising of the erroneous cancellation date.

██ We have examined the entire record and we find no basis for creation of an estoppel against Aetna. Mere retention of House's check by Aetna, absent other material circumstances, cannot work an estoppel against Aetna. See *Jennings v. Bituminous Cas. Corp.*, 47 Ill.App.2d 243, 249, 197 N.E.2d 513.

The judgment in favor of House and against Aetna is accordingly reversed and the cause is remanded to the circuit court with direction to enter judgment in favor of Aetna and against plaintiff.

Judgment reversed and cause remanded with directions.

BURKE and EGAN, JJ., concur.