BARBARA M. ZIPF, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division) No. 76-565

Opinion filed October 21, 1977.

George E. Downs, of Palatine, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas M. Hamilton, Jr., and Stanley J. Davidson, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Barbara Zipf, brought suit against defendant, Allstate Insurance Company, to recover benefits on her personal injury protection insurance contract (commonly called "PIP" or "no fault") entered with Allstate. Plaintiff's motion for summary judgment and her supplemental motion for judgment on the pleadings were denied. Defendant's motion for judgment on the pleadings was granted. Plaintiff appeals.

The issues presented for review are: (1) whether Allstate's obligation to pay plaintiff further benefits under the insurance contract was terminated by plaintiff's recovery of a verdict and judgment against the tortfeasor; and (2) if Allstate's obligation is not so terminated, by what amount, if any, is its obligation reduced by the judgment and the adjudication of its "lien" thereon entered in the tort action.

In her complaint plaintiff alleged that she was insured under the policy issued by Allstate and had complied with all conditions thereunder. The attached policy provided that if the insured was injured in an automobile accident Allstate would pay her "basic personal injury protection." The basic protection included payment for all reasonable medical expenses; and also, if she became totally disabled, income continuation benefits equal to 85 percent of lost income commencing on the date of the accident, subject to a limit of $150 per week for 52 weeks.

The policy also afforded plaintiff "excess personal injury protection" which was subject to depletion of the basic benefits. In addition to all reasonable medical expenses, the excess coverage provided that in the event of total disability Allstate would pay the insured income continuation benefits equal to 85 percent of her lost income, subject to a limit of $150 per week for a maximum of 260 weeks commencing one year after the date of the accident.

Plaintiff's complaint alleged that she was injured in an automobile accident on December 6, 1972, and that she is totally disabled as defined by the policy; that she received benefits from Allstate until January 31, 1975, and that additional benefits and income are due under the policy which Allstate refused to pay. Plaintiff prayed $50,000 damages.

Allstate filed an answer and counterclaim for declaratory judgment in which it admitted that the policy provided basic and excess personal injury protection; that plaintiff was injured in an automobile accident; and that she applied for and received benefits under the policy until January 31, 1975.

However, as an affirmative defense and in its counterclaim, Allstate alleged that its obligation as to both basic and excess coverage is limited by the contract provision that the amount payable thereunder shall be reduced by any amount received by plaintiff from a tortfeasor to the extent that such amount would produce a duplication of payment for any loss covered by the policy.

Allstate also alleged that plaintiff filed suit against the tortfeasor; that she obtained judgment on a verdict for $12,000 which included her medical expenses and loss of earnings; that her damages and injuries were thereby adjudicated; and that the claims of Allstate as intervenor and of plaintiff's attorney for liens upon the judgment were also adjudicated in the tort proceedings on April 17, 1975, as set forth in the attached copy of the order. Allstate alleged that according to the limits of its liability as provided by the contract, plaintiff is not entitled to collect the same wage loss twice, is not entitled to duplicate benefits, and is not entitled to judgment against Allstate in any amount. The counterclaim requested a determination of the rights and liabilities of the parties and a declaration that Allstate was not further obligated by reason of the tort judgment and the policy provisions.

The above order, incorporated by both parties in their pleadings, was entered April 17, 1975, in the tort proceedings pursuant to Allstate's petition to intervene which alleged that it had paid plaintiff $7,627.05 and was entitled to reimbursement under the contract of insurance from the judgment had against the tortfeasor. The order provided that

"the intervening petition and lien of the ALLSTATE INSURANCE COMPANY is adjudicated in the amount of $4,000.00. The lien of [plaintiff's attorney] * * * $4,000.00. The plaintiff BARBARA M. ZIPF shall take $4,000.00. * * *."

No appeal was taken from that order.

Plaintiff filed a motion for summary judgment alleging that she is permanently disabled from her normal occupation, supported by her attached affidavit and an examination report of Allstate's doctor; that the attached order entered on Allstate's intervention determined that $4000 of the $12,000 judgment in tort constituted "a duplication of payment"; that the insurance contract was absolute and not contingent on any recovery from third persons; and that there was no issue of fact or law. Plaintiff requested that the pleadings of Allstate be stricken and dismissed and that judgment be entered in favor against Allstate.

Defendant Allstate filed a reply to the motion for summary judgment that several genuine issues of material facts in regard to the effect of the above order were raised by the pleadings and that the pleadings raise issues concerning the effect of the jury verdict in the tort proceedings on the interpretation of the instant insurance contract.

Thereafter plaintiff filed a supplemental motion for judgment on the pleadings. Defendant Allstate also filed a motion for judgment on the pleadings. The latter motion alleged that the adjudication of Allstate's "lien" in the amount of $4000 indicated a finding by the trial judge that $4000 of Allstate's payment to plaintiff represented a duplication in view of the jury verdict and that the order barred further recovery by plaintiff for personal injury protection benefits.

The trial court granted Allstate's motion for judgment on the pleadings and denied plaintiff's motion for judgment on the pleadings and summary judgment.

OPINION

■■ The portion of the Illinois Insurance Code dealing with "no fault" insurance (Ill. Rev. Stat. 1971, ch. 73, pars. 1065.150 through 1065.163) was declared unconstitutional in *Grace v. Howlett* (1972), 51 Ill. 2d 478, 283 N.E.2d 474. The ruling rescinded the statutory requirement that all automobile liability policies written in Illinois contain no-fault provisions.

However, the contract of insurance in the instant case was entered into by the parties in "1962" and renewed in 1972 and nonetheless, follows the no-fault concept. No question has been raised as to the validity of the contract. The limits of Allstate's liability are there set forth in pertinent part:

"Limits of Allstate's Liability
❋ ❋ ❋

Any amount payable to or for the benefit of an injured person under this Part shall be reduced by:
❋ ❋ ❋

2. any amount, received by or on behalf of such injured person from any third person who is or may be liable in tort therefor or from such third person's agent or insurer, to the extent that such amount would produce a duplication of payment or re-imbursement for any loss of expense covered under this insurance;
❋ ❋ ❋ ."

It is well established that an ambiguity in an insurance contract will be construed against the insurer. (*Glidden v. Farmers Auto. Insurance Casualty Co.* (1972), 6 Ill. App. 3d 198, 285 N.E.2d 213, *rev'd on other grounds* (1973), 54 Ill. 2d 241, 296 N.E.2d 743.) In the instant case we need *grounds* (1973), 54 Ill. 2d 241, 296 N.E.2d 743.) In the instant case we need not resort to that general rule. Where the words of a policy are clear and unambiguous a court will give effect to the plain and obvious import of the language used, unless such construction would lead to absurd consequences. (*Olipra v. Zambelli* (1971), 1 Ill. App. 3d 607, 274 N.E.2d

877.) It is important to both the insured and insurer that clear provisions upon which calculations are based should be maintained unimpaired by loose interpretation. *Coons v. Home Life Insurance Co.* (1938), 368 Ill. 231, 13 N.E.2d 482.

■■ We find the above-quoted language from the instant contract to be clear and unambiguous. Any amount payable thereunder shall be *reduced* by any amount *received* from any third person liable in tort *to the extent* that the amount received would produce a *duplication* of any amount payable by Allstate. Any amount so received by plaintiff is to decrease Allstate's payments only insofar as such amount would result in a double payment or reimbursement for the loss or expense covered by the contract. Allstate's liability would be terminated only in the event the amount received by plaintiff from the tortfeasor in fact equals or exceeds the amount otherwise payable under the contract. We conclude that Allstate's obligation did not terminate in the instant case by reason of plaintiff's verdict and judgment in the tort action.

■■ Moreover, plaintiff is not estopped to maintain this action by reason of the order entered in the tort action adjudicating Allstate's claim for reimbursement out of the judgment recovered by plaintiff. Unlike tort recovery for injuries, no-fault coverage is contractual in nature. (See *Cyr v. Farias* (1975), 75 Mass. Adv. Sh. 1508, 327 N.E.2d 890.) Allstate's petition to intervene in the tort proceedings sought to recover $7627.05 as reimbursement for the sums paid plaintiff under the contract. It submitted only the questions of Allstate's right to reimbursement and the amount thereof from plaintiff's judgment. The issues as to duplicate payments or whether Allstate remains liable on its contract were not presented or adjudicated. The order determined that out of the $12,000 tort judgment that the extent and limit of its claim was $4000. It also determined that a like amount of $4000 was receivable therefrom by plaintiff and awarded the remaining $4000 to plaintiff's attorney pursuant to his lien therein. The monies received by Allstate and the plaintiff pursuant to the trial court's order, namely $8000, are applicable under the contract terms to reduce Allstate's liability to plaintiff.

We here conclude that the trial court in the instant case erred in granting defendant Allstate's motion for judgment on the pleadings. Allstate's liability is not terminated and plaintiff is entitled to recover on the contract. However, the liability to plaintiff is subject to reduction *pro tanto* by the aggregate amount of $8000 *received* by Allstate and plaintiff out of the tort judgment. Allstate is clearly entitled also to credit for its prior payments to plaintiff. Accordingly, Allstate is liable to plaintiff for her reasonable medical expenses, and for the accrued income continuation benefits computed at 85 percent of the income lost, subject to a limit of $150 per week, for the period of her total disability as the

latter term is defined in the contract, commencing as of the date of the accident but not to exceed 312 weeks. The aggregate liability so determined is subject to reduction in the amount of $8000 received by plaintiff and Allstate from the tort proceedings, and such further amounts as have in fact been paid by Allstate to plaintiff pursuant to contract.

■■■ Plaintiff and Allstate have both filed motions for judgment on the pleadings. In such instance it is generally conceded that no fact questions exist and that the issues presented to the court are solely issues of law. (See generally 30 Ill. L. & Prac. *Pleading* §184 (1957).) By reason of the cross motions each of the parties has admitted the facts well pleaded in the pleadings of the opposite party. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 266 N.E.2d 897.) However, the court must examine the pleadings to determine if a factual issue exists or if a matter of law is solely involved. (*Huszagh v. City of Oakbrook Terrace* (1967), 89 Ill. App. 2d 115, 231 N.E.2d 189, and cases there cited.) Clearly, where the pleadings put in issue one or more material facts, evidence must be taken to resolve such issues and a judgment may not be entered on the pleadings. (*Habada v. Graft* (1975), 33 Ill. App. 3d 810, 338 N.E.2d 255.) A denial of the amount claimed, standing alone, is sufficient to preclude the entry of judgment on the pleadings. *Allis-Chalmers Credit Corp. v. McCormick* (1975), 30 Ill. App. 3d 423, 331 N.E.2d 832.

■■ In the instant case plaintiff has claimed judgment of $50,000 and Allstate has denied any liability whatsoever. Plaintiff's pleadings allege that she has been and will be in the foreseeable future totally disabled as defined in the policy as a result of the injuries sustained on December 6, 1972. The pleadings and the record, however, do not set forth any medical expenses nor the income lost for a determination of the weekly benefits to which plaintiff may be entitled. The amount of lost income is necessary to apply the 85 percent specified in the contract, not to exceed $150 per week. The complaint merely concludes with a prayer for judgment of $50,000. Again, Allstate throughout has denied any further liability to plaintiff whatsoever. The amount of liability is not determinable from the record and was likewise not determinable from the pleadings in the trial court. A genuine issue regarding the question of the amount of any judgment to be entered is manifestly present in the instant case. Accordingly, the trial court did not err in denying plaintiff's motion for summary judgment. Compare *Department of Transportation v. Shaw* (1976), 36 Ill. App. 3d 972, 345 N.E.2d 153.

Similarly, where there is a triable issue of fact, summary judgment is improper. (*Colucci v. Chicago Crime Com.* (1975), 31 Ill. App. 3d 802, 334 N.E.2d 461.) Again, the relevant pleadings did not set forth any facts as to medical expenses or the income lost. Therefore, the trial court correctly denied plaintiff's motion for summary judgment.

For the reasons stated, the order of the trial court denying plaintiff's motion for judgment on the pleadings and for summary judgment is affirmed; the order granting defendant's motion for judgment on the pleadings is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.