JERRY DINGES *et al.*, Plaintiffs-Appellees, *v.* LAWYERS TITLE INSURANCE CORPORATION, Defendant-Appellant.

Fifth District    No. 81-329

Opinion filed May 13, 1982.

Weihl & Millard, Ltd., of Belleville (Donald E. Weihl, of counsel), for appellant.

Robert J. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Jerry Dinges and Barbara Dinges, brought an action in the circuit court of St. Clair County against defendant, Lawyers Title Insurance Corporation, for damages and specific performance of a contract to issue title insurance on certain real property located in Belleville, Illinois. After a bench trial, the court entered judgment in favor of plaintiffs that granted specific performance and awarded damages in the amount of $34,140. On appeal, defendant raises the following issues: (1) whether an exclusion in the commitment for title insurance of the "rights of others" in a street includes the rights of another under a recorded easement; and (2) whether the damage suffered by plaintiffs was caused by defendant.

Defendant issued a commitment for title insurance to plaintiffs dated December 28, 1978, that concerned a plot of land located on South Illinois Street in the City of Belleville, Illinois. An easement over the property in favor of Severin and Hazel Gundlach that was recorded in the recorder of deeds office in St. Clair County was not listed in the commitment as an exception. It was undisputed that an employee of defendant had discovered the easement but failed to transcribe it onto the commitment.

In late 1978, plaintiffs purchased the property from Illinois Central Gulf Railroad; the transaction was closed on February 2, 1979. Jerry Dinges, who operated a car dealership next to the property, testified that he purchased the property in order to relocate his business. It was undisputed that a paved street ran through the property. Plaintiff testified that Illinois Central Gulf Railroad informed him that they leased the street to the city of Belleville under a cancellable lease. After purchasing the property, plaintiff cancelled the lease and placed barricades provided by the city in front of the street.

Plaintiff received a letter from the Gundlachs' attorney requesting that plaintiff remove the barricades because they interfered with the Gundlachs' right to use the street according to their easement. Plaintiff testified that although Rich Sommers, an employee of the Gundlachs, told him prior to the purchase of the property that the Gundlachs had a right to use the street, plaintiff thought Sommers was referring to their right as members of the public pursuant to the city's lease. Plaintiff was unaware of the recorded easement in favor of the Gundlachs prior to purchasing the property. Plaintiff further testified that he would be unable to use the property as intended for his business without closing the street. Upon learning of the recorded easement, plaintiffs made a demand on defendant to issue the title insurance policy and defendant refused.

At issue is an exclusion listed in schedule B, section 2 of the title insurance commitment. The commitment states, in pertinent part, the following:

> "Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the company.
>
> * * *
>
> 7. Rights of others in and to that portion of the property within the bounds of any roads, streets or highways.
>
> * * * "

Defendant first contends that the exception clause in the commitment for title insurance clearly and unambiguously excludes from coverage the loss sustained by reason of the encumbrance on the title to plaintiffs' property. More specifically, defendant argues that the exclusion of the rights of others to that portion of the property within the bounds of any street applies to rights of record as well as rights not of record. Therefore, defendant contends that the recorded easement in favor of the Gundlachs which grants the right to use the street traversing plaintiffs' property falls squarely within the exception.

■■ Where the words of an insurance policy are clear and unambiguous the court should give effect to the plain and obvious import of those words. Where an ambiguity exists, however, the policy is to be construed liberally to effectuate coverage. (*Olipra v. Zambelli* (1971), 1 Ill. App. 3d 607, 274 N.E.2d 877.) In order to determine whether the language of the exception at issue is ambiguous or uncertain, it is necessary to examine the commitment in its entirety. (*Lang v. Monarch Life Insurance Co.* (1979), 75 Ill. App. 3d 938, 394 N.E.2d 751.) The title commitment provides that, subject to the stated exclusions and exceptions, defendant agrees to insure against loss or damage sustained by reason of, among other things, any defect in or lien or encumbrance on such title. Paragraph 1 of the general exceptions to be contained in the policy to be issued states, in pertinent part, that the policy will except from coverage the following: "Defects, liens, encumbrances, adverse claims, or other matters * * * first appearing in the public records or attaching subsequent * * *" to the date of the commitment. Paragraph 3 of the general exclusions from coverage in defendant's standard policy states in pertinent part, that the policy will exclude from coverage the following: "Defects, liens, encumbrances, adverse claims, or other matters * * * not known to the company and not shown by the public records but known to the insured claimant * * *." The exceptions to coverage contained in schedule B of the commitment and policy to be issued consist of both general exceptions and exceptions tailored to the particular property. These provisions in both the commitment and standard policy disclose an attempt by defendant to limit its

liability by excluding from coverage defects or claims not shown of record. Viewing the policy in its entirety, with emphasis on the principal focus of the stated exclusions and exceptions, we conclude that the exception at issue is ambiguous as to whether it applies to claims of right to use the street regardless of the source of the claims.

■■ In construing an insurance policy where the terms of the policy are ambiguous, we are required to consider the purpose sought to be accomplished, the subject matter of the contract and the circumstances surrounding the issuance of the policy. (*Olipra v. Zambelli* (1971), 1 Ill. App. 3d 607, 274 N.E.2d 877.) Where the insurer attempts to limit its liability by ambiguous provisions, those provisions are to be construed against the insurer. *McLaughlin v. Attorneys' Title Guaranty Fund, Inc.* (1978), 61 Ill. App. 3d 911, 378 N.E.2d 355.

■■ ■ The purpose of title insurance is to protect a purchaser of real property against the possibility of loss through defects in or encumbrances on the title. An insured expects to obtain a professional title search, opinion and guaranty. Thus, the insurer has a duty to search the records thoroughly before issuing its commitment or policy. (*McLaughlin v. Attorneys' Title Guaranty Fund, Inc.*) Defendants, through an employee, conducted a search of the records of St. Clair County and discovered the easement but failed to transcribe it onto the commitment. The commitment, consistent with the purpose of title insurance, suggests that defendant would be liable for damages resulting from recorded instruments that were not specifically excepted from coverage. Harry Schneider, an employee of defendant, testified that the purpose of the exception was to protect the defendant from liability where a portion of the property was within a public road and where an easement through the property was established by prescriptive rights. Viewing the policy as a whole, we reasonably construe the purpose of the clause at issue to except from coverage the rights of others to that portion of the property within the bounds of any street whose right or title was not of record. Therefore, the exception clause did not protect defendant against liability for damage sustained by reason of the encumbrance on the title to plaintiffs' property.

We are unpersuaded by defendant's second contention that the damage suffered by plaintiffs was not caused by the defendant. In this regard, defendant initially argues that plaintiffs relied upon their own investigation and not upon the title commitment in that they purchased the property with the knowledge of the Gundlachs' claim to use the street. This knowledge would have been more significant if the Gundlachs' claim of right was through a prescriptive easement rather than a recorded easement, if defendant was unaware of the easement and if public access to the street was not terminable by cancelling the city's lease; however,

plaintiffs' investigation disclosed that the lease was cancellable and they never knew of the Gundlachs' recorded easement. Moreover, we note that defendant does not argue that plaintiffs' knowledge of the claim is a defense to liability under the terms of the commitment. Under these circumstances, we conclude that defendant's argument is without merit.

Defendant next argues that plaintiffs cannot recover because they were contributorily negligent in failing to disclose to defendant their intended use of the property and that they intended to close the street. The instant cause of action was premised on breach of contract. Defendant agreed to provide a title insurance policy guaranteeing plaintiffs a title free of defects or encumbrances, except as pointed out in the policy, and the encumbrance complained of was not included as an exception. Defendant had a duty to inform plaintiffs of the recorded easement and breached this duty by negligently failing to transcribe the easement onto the commitment. We are of the opinion that the plaintiffs were not negligent. They had no duty to inform defendant of their intended use of the property and, apparently, defendant never inquired of plaintiffs. More importantly, however, the doctrine of contributory negligence is not applicable to the instant case.

Affirmed.

JONES and WELCH, JJ., concur.