FIDELITY & CASUALTY INSURANCE COMPANY OF NEW YORK, Plaintiff-Appellee, v. WIL-FREDS, INC., Defendant-Appellant (The County of Du Page, Defendant).

Second District No. 2—85—0865

Opinion filed July 29, 1986.

Paul T. Lively and Gerard W. Cook, both of O'Halloran, Lively, Walker, of Northbrook, for appellant.

Victor J. Piekarski and Michael Resis, both of Querrey, Harrow, Gulanick & Kennedy, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Wil-Freds, Inc., appeals from a summary judgment entered in favor of plaintiff, Fidelity & Casualty Insurance Co. of New York, and from the denial of its cross-motion for summary judgment in a declaratory judgment action. Defendant contends there remains a disputed question of fact as to what are the terms and conditions of the lost insurance policy in issue and, alternatively, that under the terms of those portions of the policy to which plaintiff has admitted, plaintiff is obligated to defend and indemnify defendant in the underlying litigation.

This action was commenced by Fidelity for declaration that it is not obligated to indemnify or to defend Wil-Freds in an underlying lawsuit which is pending in the circuit court of Du Page County. In that case, the county of Du Page seeks recovery of damages from Wil-Freds, which was the general contractor for the construction of the county's administration building, and from certain architects who designed it, alleging negligent construction and breach of contract. The construction in question commenced in 1971 and was substantially completed in 1974. Moisture problems allegedly developed in the building and cracks in its exterior walls. The underlying action was commenced in 1982 in which Du Page County seeks damages from the builder and designer for the reduction in value of the building, loss of its use and of the real estate upon which it is located, and for past and future costs of repair.

After being served with process in the underlying action, Wil-Freds tendered its defense to Fidelity from which it had purchased an insurance policy for the construction project for the period of August 31, 1973, to August 31, 1974. Fidelity accepted and undertook the defense of that suit, but with a reservation of any rights it may have under the terms of the policy. Fidelity then commenced the present action for a determination of its obligations to Wil-Freds and the county of Du Page under the insurance contract.

In its amended complaint for declaratory judgment, Fidelity acknowledges that it issued to Wil-Freds a policy of insurance bearing number L—6307960, effective from August 31, 1973, through August

31, 1974, in which it bound and obligated itself to pay on behalf of Wil-Freds all sums its insured became obligated to pay and to defend any suit against the insured, to which the insurance applied. The complaint alleged that pertinent portions of the policy of insurance were attached thereto as Exhibit A and also described the action brought by the county of Du Page against Wil-Freds for breach of its construction contract and negligence and the damages sought in consequence thereof. Fidelity then alleged that under the terms, conditions and exclusions of the policy of insurance issued by Fidelity to Wil-Freds, as shown in its Exhibit A, it is not obligated to defend or indemnify Wil-Freds with respect to the claims made by the county of Du Page and sought that declaratory judgment.

Exhibit A, which is made a part of the complaint and purports to show the insurance contract upon which this declaratory judgment action is premised, is actually an affidavit. Affiant thereto, Sharon Peterson, describes herself as an employee of the Continental Insurance Companies, in the capacity of commercial-lines manager, and states that Fidelity & Casualty Company of New York is one of the Continental Companies. Peterson states further that she was requested to obtain and certify a policy issued by Fidelity to Wil-Freds which was effective August 31, 1973, to August 31, 1974, and was advised by the records storage department that neither it nor the underwriting department any longer maintains a file on that policy. Affiant further stated that attached to her affidavit as Exhibits "A" and "B" are "copies of the forms in use by the company at the time of the issuance of the policy" and that these portions of those forms "would have been a part of any policy of comprehensive general liability insurance issued" by Fidelity to any insured at the time of issuance of the policy to Wil-Freds. Affiant concludes by stating "that the remainder of policy no. L–6307960 cannot at this time be generated due to the absence of the underwriting file."

Attached to the Peterson affidavit are six printed pages which appear to be excerpts from an insurance policy. They include various general definition and condition sections, a page entitled "comprehensive general liability insurance" and another page entitled "coverages and limits of liability." The latter page consists primarily of a blank form in which is to be inserted the amount of coverage, the premiums and the hazards covered; the blanks are not filled in for these items.

Defendant Wil-Freds' answer to the amended complaint essentially admits there was an insurance policy issued to it by Fidelity covering the period in question and denies the allegations of the complaint that Fidelity is not obligated under the policy to defend and in-

demnify Wil-Freds in the underlying suit against it by Du Page County. In addition, Wil-Freds answers that Fidelity has failed to attach a copy of the insurance policy in question to its complaint and that Wil-Freds does not possess the policy or a copy of it.

Fidelity subsequently filed its motion for summary judgment in the declaratory judgment action alleging there was no issue of material fact and it was entitled to judgment as a matter of law. In support of its motion, Fidelity referred to its amended complaint and attached a copy of the complaint against Wil-Freds in the underlying suit. Fidelity also alleged that the actual policy of insurance issued was not available to any party, as shown by the affidavit of Sharon Peterson, which was also attached to the motion, and alleged that pursuant to the provisions and exclusions of the insurance-policy forms produced in the Sharon Peterson affidavit, the claims made against Wil-Freds in the underlying action are either not covered or are excluded. On this basis, Fidelity sought a declaratory judgment that it is not obligated to defend or indemnify Wil-Freds in the underlying cause.

Wil-Freds responded with a cross-motion for summary judgment in which it is assumed *arguendo* that the insurance-policy forms attached to Fidelity's complaint do, in fact, represent some of the terms of the missing policy. On that basis, Wil-Freds alleged certain of the provisions are within, or potentially within, the claims made by the county of Du Page in the underlying action. Wil-Freds further alleged that there was also included in the missing policy a broad-form property-damage endorsement, which was not among the forms attached to Fidelity's motion for summary judgment. A blank copy of a form of such an endorsement was attached to the cross-motion, supported by the affidavit of James Blackburn, president of Assurance Agency, Ltd., that Wil-Freds had purchased a comprehensive general liability policy of insurance from Fidelity covering the period in question to which the broad-form property-damage endorsement had been appended. The Blackburn affidavit was supported by an attached certificate of insurance which noted the endorsement. This affiant also stated that the actual general comprehensive liability policy was not in his possession and could not be produced in its entirety. By its cross-motion, Wil-Freds sought summary judgment that the "alleged" portions of a policy of insurance attached to Fidelity's amended complaint and the newly produced property-damage endorsement, provided coverage in the underlying action and a duty on the part of Fidelity to defend and indemnify Wil-Freds therein.

On these pleadings, and certain depositions, together with the ar-

guments of counsel, the trial court granted Fidelity's motion for summary judgment and denied Wil-Freds' motion. It found in the judgment order that "although the full scope of the policy issued by plaintiff to Wil-Freds is and remains unknown, *** under the terms and conditions of those portions of the policy which the plaintiff has admitted (including the BFPD endorsement) that plaintiff does not have either a duty to defend or indemnify Wil-Freds *** and that, as a matter of law, these portions of the policy provide no coverage to Wil-Freds."

After Wil-Freds' notice of appeal and docketing statement had been filed in this court, the parties agreed to have this appeal placed upon an accelerated docket pursuant to Supreme Court Rule 311 (87 Ill. 2d R. 311). They have submitted an agreed statement of fact and issues for review, together with the trial court record and briefs by each party, and the case has been heard in this court on an accelerated docket.

The stipulation of fact made by the parties in this court essentially parallels the pleadings earlier discussed. Fidelity agrees to having issued a policy of insurance to Wil-Freds covering the period in question by which it became obligated to indemnify Wil-Freds for sums assessed against it for bodily injury or property damage "to which the insurance applied." The parties agree neither has a copy of the policy issued, but stipulate it contained "at the very least" those form policy provisions, including a broad-form property-damage endorsement, as shown by the blank forms appended to the motion and cross-motion for summary judgment. The parties note in their stipulation that Wil-Freds' tender of defense of the underlying suit has been taken by Fidelity with a reservation of its rights under the missing policy. The parties have also agreed that the following are the issues presented for review by this court:

"1. Does the broad form property damage endorsement potentially provide coverage for the County's damages in the underlying action?

2. Does loss of use of the County's real estate constitute property damage within the meaning of the Fidelity policy?

3. Does the absence of the actual entire insurance policy in question present a genuine issue of material fact which would preclude the entry of summary judgment?"

We consider the third issue to be dispositive and will discuss it first.

■ Summary judgment under section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) may be granted only when the pleadings, depositions and admissions on file and affida-

vits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867; *In re Estate of Whittington* (1985), 107 Ill. 2d 169, 176-77, 483 N.E.2d 210.) It is a drastic remedy which must be awarded cautiously and may be granted only where the right of the movant is free from doubt. *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 750, 450 N.E.2d 1356, *appeal denied* (1983), 96 Ill. 2d 537; *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 575, 442 N.E.2d 648.

 The trial court was requested in this declaratory judgment action to determine the rights of these parties, and the county of Du Page, under a policy of insurance which neither the parties nor the court had in hand. Nor have the parties agreed in their stipulation of fact to the complete and definitive scope of the missing policy in a reconstructed form. The stipulation of fact as to the contents of the policy includes the caveat that the parties agree it contained "at the very least" the form provisions attached to the complaint, leaving a door open for subsequent assertion by either party that it contained other forms, provisions or endorsements which limit or enlarge the terms of the policy. Fidelity's statement in its complaint and in the stipulation that it did issue to Wil-Freds a policy of insurance for the period in question, obligating itself to defend or indemnify, is limited to damages "to which the insurance applied" and does not offer undisputed facts upon which to make that determination. The blank insurance forms the trial court undertook to construe, and we are asked to review, are offered only on the strength of an affidavit of Sharon Peterson, any employee of Fidelity, that they represent forms in use by the company when the missing policy was issued and would have been a part of such a policy. In her deposition, however, Peterson acknowledged that there were thousands of other forms and policy endorsements which might also have been a part of that policy. In her affidavit, upon which the facts relating to the makeup of the missing policy depend, Peterson noted that other matters comprising the remainder of the policy could not "at this time" be located, suggesting that other such forms or endorsements may be located in the future. Although the Peterson affidavit purports to define the scope of the policy which Fidelity contends does not cover the underlying action herein, it did not include documents for broad-form blanket coverage or completed-operations coverage which were also a part of that policy, according to the depositions and affidavits supporting Wil-Freds' motion.

 We conclude that in this state of the record the trial court

erred in granting summary judgment to Fidelity. It is apparent there is a disputed question of fact as to the terms of the missing insurance policy and that the qualified and incomplete stipulation of the parties did not supply those terms. Summary judgment is improper where the parties have not provided sufficient documentation to determine factual issues from the record (*Allis-Chalmers Corp. v. Staggs* (1983), 117 Ill. App. 3d 428, 434, 453 N.E.2d 145; *Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 108, 369 N.E.2d 252.) Fidelity, as plaintiff in this action, had the burden of establishing that the possible loss which may be sustained by its insured is within an exclusion of the policy it issued (*Hildebrand v. Franklin Life Insurance Co.* (1983), 118 Ill. App. 3d 861, 876, 455 N.E.2d 553; *State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601), and cannot do so solely on the strength of the qualified affidavit by its employee which we earlier discussed.

■ It seems apparent that before declaratory relief can be considered in this case that the terms and conditions of the missing insurance policy will necessarily have to be determined in an evidentiary hearing. (See *e.g.*, 54 C.J.S. *Lost Instruments* sec. 1 *et seq.* (1948); 35 Illinois Digest 2d *Lost Instruments* sec. 1 *et seq.* (1983).) The only firm agreement between these parties shown in the record is that a policy was issued covering the period in question, but they dispute its terms and conditions. That controverted issue must first be resolved according to the evidence presented directed to that issue before the trial court can declare what are the rights of the parties under the policy.

For the reasons we have discussed, the trial court was correct in denying Wil-Freds' cross-motion for summary judgment as it, too, was predicated upon the same nebulous and disputed factual grounds as was Fidelity's motion. Any decision stating the rights of these parties under the blank policy forms submitted could only be advisory as the terms of the actual insurance contract have not yet been fixed. See *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76, 491 N.E.2d 1160; *Howlett v. Scott* (1977), 69 Ill. 2d 135, 141-42, 370 N.E.2d 1036.

Accordingly, the summary judgment granted to Fidelity is reversed, the summary judgment denied to Wil-Freds is affirmed and the cause remanded for further proceedings.

Reversed in part; affirmed in part; remanded.

REINHARD and UNVERZAGT, JJ., concur.