THE TRADERS' INSURANCE COMPANY

*v.*

A. L. PACAUD *et al.*

*Filed at Ottawa May 8, 1894.*

1. INSURANCE—*whether an insurable interest.* A and B were engaged in the grain business, and were operating an elevator, which was owned by A, who also owned the ground on which it was located. B advanced no money to carry on the business, but under an arrangement with A he took charge of the business at the elevator, and was to receive as a salary one-half of the profits realized out of the business. B's liability with A to the party owning grain stored in the elevator, to hold and ship the grain to such owner or to his order, as provided in the warehouse receipts, and his right to share in the profits in payment of his salary, was held an insurable interest upon the property, upon which he could take out a policy for his own benefit.

2. SAME—*who may sue on policy.* Where a party contracts for the insurance of property, pays the premium, and the policy makes the loss payable to him, the agreement to pay the loss is a contract with

the person who pays the consideration, and he will have a right of action in his own name, although the insurance is in the name of another.

3. A and B, the owners of grain stored in an elevator, took a policy of insurance on the grain to C, of the firm of C & D, the parties with whom the grain was stored, which policy provided that the loss, if any, should be paid to A and B, as their interest may appear. A and B alone applied for the insurance, and they alone paid the premium, and the policy was delivered to them: *Held*, that A and B could maintain an action in their own names for any loss that might occur.

4. SAME—*limited interest in property insured—duty to disclose real interest*. A policy of insurance provided that if the interest of the assured in the personal property should be "other than unincumbered ownership, without such fact being indorsed upon the policy, the same should be void." The policy was to M., of the firm of M. & B., warehousemen, with whom the property was stored, and contained a clause that loss should be payable to P. & Co., as their interest might appear. B had no title to the property, but only an interest in the profits of the business of buying and storing grain, and was liable with M to hold and ship the grain, as provided in the warehouse receipts issued by M. & B.: *Held*, that while B had an insurable interest in the grain stored, his interest was not one which the assured were required to disclose when they took out the policy.

5. SAME—*contribution in case of other insurance*. A condition in a policy of insurance which provides that in case of any other insurance upon the property insured, made prior or subsequent to the policy, the assured should be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured thereon, has no application where the other insurance is of a separate and distinct interest in the property. It applies only where the insurance covers the same interests.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

This was an action brought by A. L. Pacaud and George W. Pacaud, a firm doing business under the name and style of A. L. Pacaud & Co., against the Traders' Insurance Company, on a policy of insurance issued by the defendant to J. H. Million, of the firm of Million & Bott, doing business at Kahoka, in the State of Missouri, for the sum of $3500, with

the recital therein, "loss, if any, payable to A. L. Pacaud & Co., as interest may appear."

It appears from the record that the policy of insurance was issued on the 25th day of November, 1890, and that prior to the issuing of the same, John H. Million and John A. Bott were engaged in the grain business, and were running and operating an elevator at Kahoka, in the State of Missouri, and that the policy was taken out to cover the interest of the plaintiffs in the grain in the elevator at the time it was destroyed by fire, on the 16th day of December, 1890. The firm of Million & Bott had been engaged in the business of buying and shipping grain for several years before the destruction of the elevator by fire, and some months before the fire the plaintiffs had made advances to Million & Bott, so that at the date of the fire the advances made by them, for which they held warehouse receipts of the firm of Million & Bott, amounted to the sum of $6200. It further appears that at the date of the fire the firm of Million & Bott had in the elevator at Kahoka, corn amounting to 6858 bushels, and 2406 bushels of wheat.

The policy was issued on the application of plaintiffs, and the premium paid by them. Million & Bott had nothing whatever to do with it, and, so far as appears, no connection with it. They held policies, which they had taken out in their own names, on the grain, amounting to some $6700, payable to themselves. The plaintiffs, A. L. Pacaud & Co., first began making advances to Million & Bott on May 1, 1890, and these advances continued during the summer and fall, until they aggregated the sum of $6200. With these advances Million & Bott purchased grain and stored it in their elevator at Kahoka, Missouri, and in return for these advances A. L. Pacaud & Co. received warehouse receipts for the grain so purchased, signed by Million & Bott.

The policy contained the following conditions: First, that "if the interest of the assured in the personal property be other than its unincumbered and sole ownership, without such fact

being indorsed upon the policy, the same shall be void." Second, "in case of any other insurance upon the property hereby insured, whether valid or not, or made prior or subsequent to the date of this policy, assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount so insured thereon; and it is hereby agreed, that in case of assured holding any other policy, in this or any other company, on the property insured, subject to conditions of average, this policy shall be subject to average in like manner. Any insurance, floating or otherwise, attaching in whole or in part to the property covered by this policy, shall, as between assured and this company, be considered as contributing insurance for the full amount thereof, and liable, as such, to pay *pro rata* any loss, total or partial, on the property hereby insured."

Messrs. Schuyler & Kramer, for the appellant:

The plaintiffs could not insure their interest in the partnership property of Million & Bott in the name of J. H. Million, and the policy was void. Ostrander on Law of Insurance, 261; *Insurance Co.* v. *Resh*, 44 Mich. 241; *Insurance Co.* v. *Salt Co.* 31 id. 347; *Insurance Co.* v. *Brennan*, 58 Ill. 159; *Welsh* v. *Insurance Co.* 23 W. Va. 288; *Boulette* v. *Insurance Co.* 51 Vt. 4.

The court erred in ruling and instructing the jury that the defendant was not entitled to contribution, on the basis that the policy was taken out by Million & Bott on the property and assigned to the plaintiffs. *Insurance Co.* v. *Warehouse Co.* 93 U. S. 545; 2 May on Insurance, (3d ed.) sec. 434; *Bradwell* v. *Insurance Co.* 122 Mass. 90; *Insurance Co.* v. *Hazlett*, 105 Ind. 126; *Good* v. *Insurance Co.* 43 Ohio St. 394; *Chesbrough* v. *Insurance Co.* 61 Mich. 333; *Manufacturing Co.* v. *Insurance Co.* 88 N. Y. 592.

Mr. ROBERT RAE, for the appellees:

The intention of the parties must interpret the contract of insurance.   *Dix* v. *Insurance Co.* 22 Ill. 277.

The instruction given on behalf of the plaintiffs was justified under the ruling in *McMasters* v. *Insurance Co.* 55 N. Y. 222, and *The Insurance Co.* 81 id. 415.

As to the rule requiring contribution, see *Insurance Co.* v. *Scammon,* 144 Ill. 490; *Acer* v. *Insurance Co.* 57 Barb. 68; *Fox* v. *Insurance Co.* 52 Me. 333; Phillips on Insurance, sec. 359.

The assured can not be charged for the acts of third persons over whom he has no control.   *Assurance Co.* v. *Scammon,* 126 Ill. 355; *Carpenter* v. *Insurance Co.* 16 Pet. 501; *Nichols* v. *Insurance Co.* 1 Allen, 63; *Burbanks* v. *Insurance Co.* 24 N. H. 551.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The principal grounds relied upon to reverse the judgment of the Appellate Court, affirming the judgment of the circuit court, are the following:   First, that the interest of J. H. Million in the property destroyed by fire, and covered by the defendant's policy, was other than its unincumbered and sole ownership, and that he had no insurable interest therein in his own name; and second, that the court erred in not instructing the jury that all the insurance on the property at the date of the fire should contribute to the loss, and the plaintiff could only recover from the defendant its proportionate share of such loss.

Under the first point relied upon, it is said that the property covered by the insurance was owned by the firm of Million & Bott, and hence the title was not in J. H. Million, and his interest was not of an unincumbered and sole ownership, within the meaning of the policy.   While the grain business at Kahoka was transacted in the name of Million & Bott, upon

looking into the evidence in the record it will be found that Bott had no real title to the grain covered by the policy. The elevator where the business was transacted, and the ground upon which it was located, were owned by J. H. Million. Bott advanced no money to carry on the business, but under an agreement with Million he took charge of the business at the elevator, and was to receive as a salary one-half of the profits realized out of the business. Under this arrangement Bott can not be regarded as a real owner of the title to one-half of the grain in the elevator at the time the policy issued. His liability, with Million, to Pacaud & Co. to hold and ship the grain to them or their order, as provided in the warehouse receipts, and his right to share in the profits in payment of his salary, may be regarded as an insurable interest in the property, upon which he could take out a policy for his own benefit. But his interest in the property itself was not one which the plaintiffs were required to disclose when they took out a policy to protect their own interest. Moreover, the provision that the interest of the insured should not be other than an unincumbered and sole ownership in the property insured, in our opinion had no application to Million, but it had reference to the plaintiffs,—the parties who were insured by the policy. The plaintiffs held an insurable interest in the property. They applied to the insurance company for insurance. They, and they alone, made the contract and paid the premium, and the policy was delivered to them containing the following provision: "The Traders' Insurance Company of Chicago, in consideration of $87.50, do insure J. H. Million against loss or damage by fire to the amount of $3500, on grain, the assured's property, or held by assured in trust or on commission, or sold, but not delivered, while in the Kahoka elevator at Kahoka, Missouri, loss, if any, payable to A. L. Pacaud & Co., as interest may appear."

While the decisions in the different States may not be entirely harmonious in regard to the person who holds the legal

interest and in whose name an action may be maintained, yet, as we understand the subject, the decided weight of authority is, where the party contracts for the insurance, pays the premium, and the company makes the loss payable to such party, the agreement to pay is a contract with the person who pays the consideration, and he has a right of action in his own name, although the insurance is in the name of another. *Hathaway* v. *Orient Ins. Co.* 134 N. Y. 409, is a late case on the subject. In *Westchester Fire Ins. Co.* v. *Foster*, 90 Ill. 121, it was held that the person who pays the premium and to whom the loss is payable is the party to sue for the loss. The ground upon which the person to whom loss is payable may maintain a suit in his own name, would seem to be predicated on the fact that he has the legal interest in the contract, and in order to have the legal interest in the contract he must be the party insured.

It will be observed that the policy provided that in case of any other insurance upon the property insured, made prior or subsequent to the policy in suit, assured shall be entitled to recover of the company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount so insured therein. It appears from the testimony that Million & Bott had procured insurance on the property in their own names, amounting to some $6700, which was in force at the time of the fire, in addition to the policy held by plaintiffs, and under the clause of the policy providing for contribution it is claimed by appellant that plaintiffs could, in no event, recover the full amount of the policy. The plaintiffs had no connection whatever with the policies issued to Million & Bott. Those policies were procured by Million & Bott for their own and sole benefit, and the loss, in case of fire, was payable to them. Under such circumstances, was the appellant entitled to claim an apportionment? The appellant had the right to rely on an apportionment in case of other insurance upon the property. The question resolves

itself into this : Was there other insurance upon the property, within the meaning of the policy? We think it plain there was not. We think the provision for apportionment of loss if there should be other insurance, applies only where the insurance covers the same interest. That was not the case here. The plaintiffs insured their interest in the property and Million & Bott insured their interest. The one was separate and distinct from the other. The case is not different from what it would be if the two parties occupied the relation of mortgagor and mortgagee, where each may insure his own interest, and the insurance obtained by one has no connection with the insurance obtained by the other.

But if there was a doubt in regard to the question, we think it was settled by *Niagara Fire Ins. Co.* v. *Scammon*, 144 Ill. 500. It is there said: "It is to be noted that the provision for an apportionment is only to become operative if there shall be other insurance upon the property, and, as we have seen, insurance which is obtained by a third person, and upon another distinct and insurable interest, can not be regarded as other insurance. We understand the rule to be, that a provision for apportionment of loss if there is other insurance, applies only to cases where the insurance covers the same interest." See, also, *Westchester Fire Ins. Co.* v. *Foster*, 90 Ill. 121; *The Insurance Co.* 81 N. Y. 415; *Fox* v. *Insurance Co.* 52 Me. 333; Phillips on Insurance, sec. 359.

The policies obtained by Million & Bott were, after the fire, assigned to the plaintiffs, but that fact has no special bearing on the case.

We find no substantial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, dissenting.