ROBBINS ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

(No. 79AP-957 — Decided May 8, 1980.)

*Mr. Philip Q. Zauderer* and *Mr. Carl J. Meyer,* for appellants.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Mr. Emerson Cheek, III,* for appellee.

REILLY, J.    This is an appeal from a summary judgment of the Court of Common Pleas of Franklin County.

The record shows that the facts are undisputed. Plaintiff-appellant Alta M. Robbins was a passenger on a COTA (Central Ohio Transit Authority) bus when it was involved in an accident. Consequently, appellant Alta M. Robbins sustained injuries and incurred medical expenses, which resulted in a claim on an insurance policy with the defendant-appellee, State Farm Mutual Automobile Insurance Company. The policy provided for payment of reasonable medical expenses incurred

within one year of the date of an accident. Appellee denied this claim, asserting that coverage was only for accidents in an automobile, which was defined as follows: "***a four wheel land motor vehicle designed for use principally upon public roads***."

Plaintiffs-appellants, Alta M. and Robert A. Robbins, filed a complaint which appellee answered, denying that the expenses involved were covered by the policy. Appellee contended that the COTA bus was a six-wheeled vehicle, and, therefore, was excluded under the policy provision which limited coverage to four-wheeled vehicles.

The trial court's decision sustaining appellee's motion for summary judgment reads, in pertinent part, as follows:

"In the Plaintiff's Memorandum, it is stated that the only issue before the Court is whether or not a COTA bus is an automobile within the insurance policy definitions. The Defendant's policy defines an automobile as follows: '***a four wheel land motor vehicle designed for use principally upon public roads***.' Attached to the Defendant's motion is the affidavit of Frank R. Nairn who is Director of Claims for COTA. Mr. Nairn stated under oath that the motor vehicle in which the Plaintiff was riding at the time of this accident was a six-wheeled vehicle and also describes the wheel configuration. The Plaintiff has not offered any summary judgment type evidence on this issue.

"Civil Rule 56 requires that once an affidavit under oath is submitted to a court in support of a motion for summary judgment that sets up a certain set of facts, the opposing party must file an affidavit in opposition. The [sic] puts these facts in dispute. Since Plaintiff has failed to submit such affidavit, it is apparent that there is no genuine dispute of material fact with respect to whether or not this COTA vehicle had six or four wheels. The Defendant is, therefore, entitled to judgment as a matter of law.

"The Defendant's motion for summary judgment is well-taken and is Sustained. Counsel for Defendant shall prepare and submit a Judgment Entry accordingly."

Nevertheless, a review of Frank Nairn's affidavit does not reveal that the affiant stated the bus was a six-wheeled vehicle. The statement, instead, was that:

"***the motor coach upon which said Alta M. Robbins

was a passanger [*sic*] had two single wheels in front and dual wheels on each side of the rear; and that there were *six tires* on these wheels. Further, affiant saieth naught." (Emphasis added.)

At any rate, the trial court entered judgment for appellee, and appellants have now perfected this appeal, including the following assignment of error:

"The Trial Court committed reversible error in granting defendant-appellee's motion for summary judgment. The decision of the Trial Court is contrary to law and against the manifest weight of the evidence."

The keystone question is how many wheels there were on the foregoing COTA bus. There does not appear to be any similar, controlling case on this issue. Nonetheless, Annotation 45 A.L.R. 3d 503 includes a discussion of weight restrictions on motor vehicles and refers to wheels, in Section 13, at page 521, as follows:

"Some statutes fix the maximum allowable gross weight of a vehicle as a function of the number of wheels the vehicle has. Since most trucks and trailers designed to carry heavy loads have sets of what are called 'dual wheels,' the question arises whether a dual wheel is to be counted as one or two wheels. The following cases have considered that question, the indications being that *a dual wheel should be counted as one wheel.*" (Footnote omitted and emphasis added.)

Moreover, 94 Corpus Juris Secundum 607, Wheel, defines "wheel" as follows:

"A circular rim *and hub* connected by spokes or rays in one structure, or a disk, solid or perforated, made to rotate on an axis and employed to reduce friction and facilitate movement or transportation, as in vehicles, to perform rotary motion, as in machines, to modify speeds, as in the form of pulleys, etc." (Footnote omitted and emphasis added.)

The term "hub" is referred to in *Higgin Mfg. Co.* v. *Murdock* (C.A. 6, 1904), 132 F. 810, and the court describes the hub as the end of the axle. Therefore, given the normal configuration of an axle, as having only two ends, the number of wheels per axle is limited to two, regardless of the number of tires or rims. Further, even if the trial court found that the term "wheel" was ambiguous, it should be interpreted in favor of the insured. The Supreme Court held, in the syllabus of

*Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95, that:

"Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer."

Thus, considering this particular record, the term "wheel" must be construed in favor of the insured. Accordingly, appellants' assignment of error is well taken and sustained.

Whereupon, the judgment is reversed, and the cause is remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and MOYER, JJ., concur.