STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, *v.* ALEX A. SALERNO, Adm'r of the Estate of Alec S. Salerno, Deceased, *et al.*, Defendants-Appellants.

First District (4th Division)   No. 82—2285

Opinion filed January 26, 1984.

Michael D. Monico, of Chicago, for appellants.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, Robert O. Duffy, Thomas J. Brophy, and Michael W. Rathsack, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendants, Ronald Dugo and Alex A. Salerno, appeal an order of the circuit court which declared that plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), did not owe coverage under an automobile insurance policy to its insured, Herman Kirschbaum, defendant. The only issue presented for review is whether plaintiff's insurance policy provided coverage for the nonowned tow truck driven by Kirschbaum.

We affirm.

On October 1, 1977, an accident occurred in Melrose Park, Illinois, which involved a tow truck driven by Herman Kirschbaum and owned by All Suburban Towing Service (All Suburban) and an automobile driven by Ronald Dugo. Alex S. Salerno was a passenger in Dugo's car. At that time, plaintiff had issued to Kirschbaum an automobile insurance policy covering a 1973 Ford pickup truck. The policy provided for coverage of nonowned automobiles and defined automobile as a "four wheel land motor vehicle designed for use principally upon public roads, but automobile shall not include a midget automobile, nor any vehicle while located for use as a residence or premises."

Dugo filed a complaint against All Suburban, Dennis Schwartz, in-

dividually and doing business as All Suburban, Herman Kirschbaum, and the village of Melrose Park. Alex A. Salerno, administrator of the estate of Alex S. Salerno, sued All Suburban, Schwartz, and Kirschbaum. State Farm filed a complaint for declaratory judgment against Dugo, Salerno, Kirschbaum, Schwartz, All Suburban, and the village of Melrose Park. It asked that the court declare that Kirschbaum was not covered by the automobile insurance policy. The village was dismissed from the suit on March 27, 1979. On July 27, 1982, State Farm moved for summary judgment. On September 1, 1982, the trial court ruled in favor of State Farm, finding that it did not owe coverage to Kirschbaum and Schwartz need not furnish a defense to them. Defendants Dugo and Salerno appeal.

Defendants advance several arguments in favor of their position that the tow truck driven by Kirschbaum was covered by the State Farm insurance policy. First, they contend that the two-axle truck with six tires was a four-wheel land motor vehicle as a matter of law and cite several cases from other jurisdictions in support of this theory. The four rear wheels were mounted on a single axle. Two wheels were locked and unable to spin independently; they rotated as one wheel. Thus, defendants reason, the tow truck was in effect a four-wheel motor vehicle, as was the pickup truck, insured under Kirschbaum's State Farm policy.

Defendant Dugo argues in the alternative that even if the tow truck is not a four-wheel land motor vehicle as a matter of law, conflicting decisions of the courts regarding identical policy provisions establish that those provisions are ambiguous. Ambiguity should be construed against the insurer and in favor of the insured. In the insurance policy, the term "motor vehicle" was used interchangeably with "automobile." Salerno claims that the use of the word "automobile" in a policy for a pickup truck created an ambiguity.

Defendants also contend that the tow truck was covered because it was not expressly excluded from the policy as were midget automobiles and vehicles used as residences. Dugo claims that the risk of insuring a two-axle truck with six tires is not significantly greater than the risk of insuring a truck with four tires, and Salerno urges that Kirschbaum could reasonably assume that a substitute truck would be covered since it had two axles.

We reject defendants' arguments. Insurance policies are contracts and the general rules of construction which apply to other contracts also apply to insurance policies. Where the language of the policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. (*Ohio Casualty Insurance Co. v. Tyler* (1980), 85 Ill.

App. 3d 410, 412, 407 N.E.2d 77, 79.) Kirschbaum's insurance policy defined automobile as a *"four wheel* land motor vehicle." (Emphasis added.) We decline to read into this definition the notion that "wheel" must be distinguished from "tire."

We have examined the cases cited by defendants in support of their theory that a vehicle with six tires on two axles is a four-wheel-land-motor vehicle. In *Hochgurtel v. San Felippo* (1977), 78 Wis. 2d 70, 253 N.W.2d 526, the insurance company admitted that a sod truck that had six tires had only four wheels from a technical and industrial standpoint. In *Hardware Mutual Casualty Co. v. Curry* (1959), 21 Ill. App. 2d 343, 157 N.E.2d 793, the issue was whether a truck was a land motor vehicle and thus within the definition of automobile in an insurance policy. In *Seaboard Fire & Marine Insurance Co. v. Gibbs* (4th Cir. 1968), 392 F.2d 793, the court, interpreting South Carolina law, decided that a truck with six wheels was within the definition of a four-wheel-land-motor vehicle, but also noted that the truck could have been used with four wheels. In *Robbins v. State Farm Mutual Automobile Insurance Co.* (1980), 68 Ohio App. 2d 172, 428 N.E.2d 464, the court decided that a bus with six tires was a four-wheel-land-motor vehicle. These cases do not persuade us that the tow truck driven by Kirschbaum which had two tires on its front axle and four tires on its rear axle was a four-wheel-land-motor vehicle. The tow truck was a six-wheel-land-motor vehicle. We hold that the trial court correctly ruled that the tow truck was not covered by Kirschbaum's insurance policy because it was not a four-wheel-land-motor vehicle.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.