MARTIN L. DE FOOR, Plaintiff-Appellee, v. NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)   No. 83—2901

Opinion filed November 21, 1984.

Ronald A. Strohm, of Leahy & Eisenberg, Ltd., of Chicago, for appellant.

Warren Lupel, of Lupel & Amari, of Chicago (Anthony Giglio, of counsel), for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, property vendee, pursuant to a sales agreement that required him to insure the subject property for the benefit of the vendors, purchased a fire insurance policy from defendant insurer, listing as named insureds himself and the vendors. The policy contained an "Other Insurance" clause, limiting defendant's liability to a pro rata share in the event the named insured procured other insurance. Unbeknownst to plaintiff, the property vendors purchased insurance on the subject property from two other insurance companies, whereon plaintiff was not a named insured.

Following a fire, plaintiff and the property vendors filed a claim under the policy issued by defendant. The property vendors also made claim under their other policies. Defendant, claiming that the separate policies held by the property vendors constituted "Other Insurance" as to plaintiff, made only a prorated payment of loss, collectively, to the three named insureds.

Plaintiff brought an action to recover the difference between the entire agreed-on building damage and the prorated payment, claiming that the other policies held by the vendors did not constitute "Other Insurance" as to him.

The trial court granted plaintiff's motion for summary judgment, and defendant appeals.

We affirm the decision of the trial court.

BACKGROUND

Plaintiff, Martin L. DeFoor, contracted with Ladislav and Beverly Vyskocil to purchase a building. The purchase agreement required plaintiff to insure the subject premises for the benefit of the vendors. Accordingly, plaintiff purchased a fire insurance policy from defendant, Northbrook Excess & Surplus Insurance Company (Northbrook), listing as named insureds himself and the Vyskocils. The Northbrook policy contained an "Other Insurance" provision, limiting Northbrook's liability to a pro rata share in the event other insurance was written "in the name of the insured."

Without plaintiff's knowledge or consent, the Vyskocils purchased two separate policies on the subject property, one from St. Paul Surplus Lines Insurance, and the other from underwriters at Lloyds. These policies listed only the Vyskocils as named insureds.

Subsequently, a fire broke out on the subject property, resulting in loss and damage in the amount of $48,608. Plaintiff and the Vyskocils both made claims under the Northbrook policy. The Vyskocils also made claim under their two separate policies of insurance. Defendant, claiming that the two separate policies held by the Vyskocils constituted "other insurance" as to plaintiff, as well as to the Vyskocils, refused to pay plaintiff the full amount of the fire loss. Asserting that all three named insureds were entitled only to a prorated portion of the entire loss due to the triggering of the "Other Insurance" clause, Northbrook paid plaintiff and Vyskocils, collectively, the proportionate sum of $28,481.25.

Plaintiff brought an action against Northbrook for breach of the insurance contract, praying for $20,126.75, the difference between the full amount of the building loss and damage and the proportionate payment made by Northbrook. Plaintiff moved for summary judgment on the grounds that the other policies held by the Vyskocils did not constitute "Other Insurance" as to him as contemplated by the clause in his policy. The trial court granted plaintiff's motion and directed Northbrook to pay plaintiff the prayed for amount. It is from this order granting summary judgment that Northbrook now appeals.

OPINION

■ On appeal, it is our task to determine if the trial court's grant of summary judgment was proper. Summary judgment is properly granted when the pleadings, depositions, and admissions, on file, together with any affidavits, establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (*Lesnik v. Estate of Lesnik* (1980), 82 Ill. App. 3d

1102, 403 N.E.2d 683.) This reviewing court must therefore decide whether the trial court correctly found that no genuine issue of material fact has been raised, and if none was raised, that the plaintiff was entitled to judgment in his favor as a matter of law. *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.

■■ ■ We need not concern ourselves here with the first level of inquiry in determining the propriety of the trial court's grant of summary judgment, for the facts of the instant case are undisputed. There is clearly no genuine issue as to any material fact. The only issue before us is legal in nature, namely, whether the two policies of insurance held by the Vyskocils as property vendors constitute "Other Insurance" as to plaintiff, the property vendee, pursuant to the provision in the Northbrook policy. In order to find that the trial court was correct in granting plaintiff's motion for summary judgment, we must determine, as did the trial court, that the policies held by the Vyskocils did not, as a matter of law, constitute "Other Insurance" as to plaintiff.

We begin our inquiry with an examination of the language in the "Other Insurance" provision contained in the policy of insurance issued to plaintiff and the Vyskocils by Northbrook. That provision reads as follows:

"8. Other Insurance

(a) If at the time of loss there is other insurance written *in the name of the insured* upon the same plan, terms, conditions and provisions as contained in this policy, herein referred to as Contributing Insurance, the Company shall be liable for no greater proportion of any loss than the limit of liability under this policy bears to the whole amount of insurance covering such loss. (emphasis added)

(b) If at the time of loss there is other insurance other than that as described in (a) above, the Company shall not be liable for any loss hereunder until:

(1) the Liability of such other insurance has been exhausted, and

(2) then for only such amount as may exceed the amount due from such other insurance, whether collectible or not."

"Other insurance" has been defined by Couch as follows:

"By definition, other or double insurance exists where two or more policies of insurance are effected upon or cover the same interests in the favor of, or for the benefit of, the same person.

As all of these conditions must concur, it follows that if different persons have different interests in the same subject of insurance, each may insure his interest without effecting other or double insurance." (9 Couch on Insurance sec. 37:1394 (2d ed. 1962).)

Thus, in order for us to find that the two policies held by the Vyskocils, under which plaintiff was not a named insured, constitute "other insurance," defendant must be able to show that these policies cover (1) the same interests, in (2) the same property, in favor of (3) the same person as does the Northbrook policy. We find that defendant has failed to make the requisite showing.

As with any contracts, the general rules of contract construction apply to insurance policies. (*State Farm Mutual Automobile Insurance Co. v. Salerno* (1984), 121 Ill. App. 3d 384, 459 N.E.2d 1075.) That construction of an insurance policy will be adopted which favors the insured and resolves any uncertainty in his favor. (*Wahls v. Aetna Life Insurance Co.* (1983), 122 Ill. App. 3d 309, 461 N.E.2d 466.) In interpreting insurance contracts, the words in the policy must be given their plain and ordinary meaning; the court should not search for ambiguity where none exists. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.) A policy provision is ambiguous if it is subject to more than one reasonable interpretation. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250, 430 N.E.2d 641.) A policy is not ambiguous because a word or phrase is susceptible to one reasonable and one unreasonable interpretation. (*Svec v. Allstate Insurance Co.* (1977), 53 Ill. App. 3d 1033, 369 N.E.2d 205.) Where the words of an insurance policy are clear and unambiguous, the court should give effect to the obvious impact of those words. *Dinges v. Lawyers Title Insurance Corp.* (1982), 106 Ill. App. 3d 188, 435 N.E.2d 944.

It is undisputed that the three policies at issue, those of Northbrook, St. Paul, and Lloyds, cover the same property. We therefore need only determine whether the two policies held independently by the Vyskocils cover the same interests in favor of the same person. Because this latter factor may be determined by examining the plain language of the policy itself, we shall address it first.

In order to determine whether these various policies cover the same person, we need only look to the ordinary meaning of the words on the face of the Northbrook policy. Defendant states in its answer that it is paragraph 8(a) of the Northbrook policy, the pro rata clause, upon which it relies to limit its liability to plaintiff. Defendant contends that the two policies of insurance purchased by the Vyskocils

from other companies, wherein plaintiff was not a named insured and of which plaintiff had no knowledge, were "other insurance written in the name of the insured" such as to render Northbrook not liable for any portion of the fire loss in excess of its pro rata share. This assertion convinces us that defendant has misinterpreted the plain and unambiguous language of paragraph 8(a).

■ The plain meaning of paragraph 8(a) is that only another policy written "in the name of the insured," in other words, in favor of the same person, shall limit the liability Northbrook bears to the whole amount of insurance covering such loss. This phrase is not subject to more than one reasonable interpretation. The reasonable interpretation is that, in order for the additional policies to qualify as other insurance, both those policies and the Northbrook policies must be written for the benefit of or in favor of the same person. It would be unreasonable to interpret that phrase to mean that another insurance policy written in the names of certain insureds could constitute "other insurance" as to all insureds listed on the Northbrook policy, whether or not those other insureds were named on or beneficiaries of the additional policies. A policy written in favor of one person cannot reasonably be interpreted to constitute "other insurance" pursuant to a policy provision contained in a policy written in favor of an entirely different person, neither named nor a beneficiary of the additional policy.

It is undisputed that neither the St. Paul policy nor the Lloyds policy named Martin DeFoor as an insured. These policies were not written in his favor or for his benefit. The only named insureds listed on these policies were the Vyskocils, who contracted for them and paid the premiums. Thus, while these policies may constitute "other insurance written in the name of the insured" with respect to the Vyskocils, they are not other insurance written in favor of the same person in respect to plaintiff.

■ Having determined that the identity of person is not present under these facts, we turn to the question of identity of interest. In order to complete our analysis, we must determine whether the two policies held by the Vyskocils covered the same interests as the policy issued by Northbrook. Under the doctrine of equitable conversion, we must conclude that the interest covered by the policies purchased separately by the Vyskocils as property vendors was not the same as that covered by the policy purchased from defendant by plaintiff as the property vendee.

■ Under the doctrine of equitable conversion, once a valid, enforceable contract has been entered into, the vendee becomes the

equitable owner of the real estate, and the vendor continues to hold the legal title to the real estate in trust for the vendee, with a lien on the land as security for the purchase money. (*Kindred v. Boalbey* (1979), 73 Ill. App. 3d 37, 391 N.E.2d 236, *cert. denied* (1980), 446 U.S. 912, 64 L. Ed. 2d 818, 100 S. Ct. 2933; *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.) The interest of the vendor is a legal one, while the interest of the vendee is of an equitable nature. Thus, the interests of the vendor and the vendee are distinct and different, such that insurance by a vendee upon his own interest will not nullify insurance previously taken out by the vendor. 5 Appleman, Insurance Law & Practice sec. 3057 (1970); *Vogel v. Northern Assurance Co.* (3d Cir. 1955), 219 F.2d 409.

The principle of equitable conversion in the case of insurable interests was addressed in the venerable case *Traders' Insurance Co. v. Pacaud* (1894), 150 Ill. 245, 37 N.E. 460, in which plaintiff, a grain transporter, purchased a fire insurance policy on some grain it had stored at a grain elevator company. The grain elevator operators took out policies on the grain in their own name for their "own and sole benefit, and the loss, in case of fire, was payable to them." (150 Ill. 245, 251.) Fire destroyed the grain. Plaintiff's policy contained an "Other Insurance" provision similar in essence to the one at issue in the instant case. The court, addressing the issue of whether there was "other insurance" on the property within the meaning of the policy, stated as follows:

> "We think it plain there was not. We think the provision for apportionment of loss if there should be other insurance, applies only where the insurance covers the same interest. That was not the case here. The plaintiffs insured their interest in the property and [the grain elevator operators] insured their interest. The one was separate and distinct from the other. The case is not different from what it would be if the two parties occupied the relation of mortgagor and mortgagee, where each may insure his own interest, and the insurance obtained by one has no connection with the insurance obtained by the other.
>
> *** We understand the rule to be, that a provision for apportionment of loss if there is other insurance, applies only to cases where the insurance . covers the same interest. [Citations.]" (*Traders' Insurance Co. v. Pacaud* (1894), 150 Ill. 245, 252, 37 N.E. 460, 462.)

The *Traders'* court, finding that the interests of the plaintiff grain owner and that of the grain elevator operators were separate and distinct, held that the insurance purchased by the grain elevator opera-

tors in their own name and for their own benefit could not be used to trigger the "other insurance" provision in the grain owner's policy.

Here, as in *Traders'*, separate policies of insurance have been purchased by the vendee, to protect his equitable interest in the insured property, and by the vendors, to protect their legal interest in the subject property. These interests are separate and distinct. While both plaintiff and the Vyskocils, as vendee and vendors, have insurable interests in the subject property, the identity of interest requisite to support a finding that the policies held by the Vyskocils constitute "Other Insurance" *as to plaintiff* is not present under these facts.

Having found that the policy issued by Northbrook and the policies issued by St. Paul and Lloyds of London do not cover the same interest in favor of the same person, we must necessarily conclude that the policies of insurance held separately by the Vyskocils do not constitute "Other Insurance" as to plaintiff such as to limit his loss recovery to a pro rata share.

For the reasons stated above, the trial court was correct in finding that plaintiff was entitled to judgment in his favor as a matter of law and in granting his motion for summary judgment.

Accordingly, we affirm the decision of the trial court.

Affirmed.

JIGANTI and ROMITI, JJ., concur.