AETNA INSURANCE COMPANY *et al.*, Plaintiffs and Counterdefendants-Appellants, v. CALIFORNIA UNION INSURANCE COMPANY *et al.*, Defendants (California Union Insurance Company, Defendant and Counterplaintiff-Appellant).

First District (5th Division)  No. 84—0834

Opinion filed September 6, 1985.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Frank L. Schneider, and Paul D. Sheldon, of counsel), for appellant.

Roger A. Bixty, of Conklin & Adler, Ltd., of Chicago, and Alan R. Miller, of Robins, Zelle, Larson & Kaplan, of Wellesley, Massachusetts, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from two consolidated lawsuits in which the parties sought a declaration of the rights and obligations of several insurers of personal property owned by The Farm Store, Incorporated, and in which Kraml Dairy, Incorporated, had a security interest. The trial court granted summary judgment for Aetna Insurance Company and five other insurance companies, all of which had insured The Farm Store, holding that California Union Insurance Company, which had issued a policy naming The Farm Store as the insured and Kraml as the loss payee, was required to share in loss payments to The Farm Store.

We reverse and remand with instructions to enter summary judgment for California Union Insurance Company.

The Farm Store, located at 1924 West 59th Street in Chicago, was insured for a total of $100,000 by the six plaintiff companies, Aetna Insurance Company, Hartford Fire Insurance Company, Illinois Fair Plan Association, Reliance Insurance Company, Security Insurance Company, and United States Fidelity and Guaranty Company. Defendant California Union Insurance Company had issued a policy for $125,000, naming The Farm Store as the insured and Kraml (which had a security note for over $79,000 from Farm Stores) as the loss payee.

All the fire loss policies at issue contained identical "other insurance" or apportionment clauses providing:

> "This company shall not be liable for a greater proportion of any loss less the amount of deductible, if any, from any peril or

perils included in this policy than (A) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property *** whether collectible or not ***."

On December 15, 1980, there was an explosion and fire at The Farm Store, causing damages which the parties ultimately stipulated were $125,000. On May 5, 1982, Aetna *et al.* filed a declaratory judgment action seeking to have the court require that California Union participate in the apportionment of the loss with them. Named as defendants were California Union, The Farm Store, and Kraml. On July 12, 1982, Kraml filed a separate action against Aetna *et al.*, California Union, and The Farm Store. That complaint asserted that the total indebtedness of The Farm Store to Kraml had reached $136,027. In one count Kraml sought payment from California Union of $124,500 ($125,000 less a $500 deductible). In a second count Kraml sought either $124,500 from California Union and the balance from Aetna *et al.* (because of Kraml's lien on loss payment to The Farm Store) or the total amount of the loss from all seven insurance companies, including California Union, with the amounts from each apportioned according to the amount of policy coverage provided.

California Union brought a counterclaim in the Kraml action, alleging that the intent of Kraml and California Union had been to only insure Kraml's security interest. In one count California Union sought reformation of the contract to indicate that only Kraml was insured. In a second count California Union sought a declaration that California Union had insured only Kraml. A third count sought a declaration of California Union's right to subrogation against The Farm Store and Aetna *et al.* for approximately $30,000 it had already tendered to Kraml. California Union incorporated all of these counterclaims in its answer to the suit by Aetna *et al.* Subsequently, both suits were consolidated.

On August 20, 1983, Aetna filed a motion for partial summary judgment seeking a declaration that the contents damage should be apportioned by all the insurance companies including California Union. California Union also filed a motion for summary judgment seeking a declaration that its policy did not cover The Farm Store and also seeking severance of Kraml's suit against California Union. Both of these motions relied on certain deposition testimony which we will refer to where relevant later in this opinion.

The circuit court ultimately granted summary judgment for Aetna *et al.*, finding that California Union was required to prorate damages with Aetna *et al.* The court determined that based on the stipulated damages of $125,000 California Union's prorated payment share

would be $39,559.01 (not including a prior payment of $29,855.49).

The parties have represented in oral argument before this court that no issue remains with respect to the claims of Kraml and The Farm Store. Only California Union has appealed, contending that the trial court should have granted its motion for summary judgment.

It is California Union's contention that its policy covered a different interest, Kraml's security interest, than that covered by the policies issued by Aetna *et al.* Therefore, because an insurance policy provision requiring proration of a loss with any other insurance on the property applies only to cases where the insurance covers the same interest (*Traders' Insurance Co. v. Pacaud* (1894), 150 Ill. 245, 252, 37 N.E. 460, 462; *De Foor v. Northbrook Excess & Surplus Insurance Co.* (1984), 128 Ill. App. 3d 929, 935-37, 471 N.E.2d 938, 942-44; 16 Couch on Insurance sec. 62:95, at 574-75 (2d ed. 1983)), California Union should not have been required to participate in the proration of the loss with Aetna *et al.*

We find California Union's argument to be persuasive and the principal case it relies on, *Traders Insurance*, to be dispositive. In that case A. L. Pacaud and George Pacaud had advanced $6,200 to the firm of Million & Bott, which used this money to purchase grain. In return the Pacauds received warehouse receipts. The Pacauds obtained a fire insurance policy on the grain, naming J. H. Million as the insured, but further providing that a loss, if any, was payable to their firm, A. L. Pacaud & Company, as interest may appear. The Pacauds paid the premium, and the policy was delivered to them. When the grain was destroyed by fire the Pacauds sought to recover the full amount of their policy from their insured, Traders. However, because Million & Bott had also obtained insurance on their property in their own name, Traders sought to invoke a provision in the Pacaud's policy calling for apportionment of the loss with any other insurance on the property. The court held that such apportionment provisions applied only when the insurance covered the same interest. Because the Pacauds had contracted for the insurance, paid the premium, had the policy delivered to them, and had the loss payable to them, the court determined that they were insuring their own interest in the property, a distinct interest from that insured in the policy obtained by Million & Bott. Accordingly, no apportionment was required, and judgment for the Pacauds was affirmed.

■ In this cause it is undisputed that Kraml purchased the fire insurance from California Union, paid the premium, received the policy, and was the loss payee under it. The fact that The Farm Store was listed as the insured does not alter our conclusion that the inter-

est being insured was Kraml's security interest in The Farm Store, a distinct interest from that insured by Aetna *et al.* in their policies issued to The Farm Store. The only insurable interest possessed by Kraml in The Farm Store was its security interest and its recovery under the California Union policy would be limited to the amount of its security interest. *Great-West Life Assurance Co. v. General Accident Fire & Life Assurance Corp., Ltd.* (1983), 116 Ill. App. 3d 921, 927, 452 N.E.2d 550, 554.

Because of our determination that *Traders Insurance* governs this cause, we need not reach the other issues raised by the parties concerning intent, ratification of the policy by The Farm Store, reformation, and equitable considerations concerning which insured may be harmed by any particular result. We would only note that resolution of such issues would not in any event be appropriate on a motion for summary judgment, as the deposition testimony is conflicting. Thus, on the question of the intent of the parties to name The Farm Store as the insured, Kenneth Kraml, Kraml's vice-president, testified that he had not specifically instructed Kraml's insurance agent on how to establish the insurance coverage for Kraml's security interest. The agent, William Schmitz, testified at one point that his records indicated Kraml's representatives had told him The Farm Store was to be the named insured. But he also testified that those representatives left such details up to him, and he had followed his custom in listing the store in which they held a security interest as the insured. Such questions of motive, intent, or subjective feelings are rarely appropriate for summary judgment (*State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 106, 260 N.E.2d 415, 419), and certainly resolution of the issue of intent by summary judgment would not be appropriate given this conflicting deposition evidence.

■ Aetna *et al.* also cannot rely on an alleged ratification of the policy by The Farm Store. Aetna *et al.* cites *Stock v. Reliance Insurance Co.* (1968), 96 Ill. App. 2d 8, 238 N.E.2d 420, where the court held that when a broker had intended to obtain insurance on a house for a lender (who had taken title for security purposes) and the owner, and both the lender and owner were named as insureds, the owner could ratify that policy after a loss, even though the contract of insurance was made without the knowledge or authority of the owner. On the record before us it cannot be concluded that the insurance policy obtained by Kraml was intended to name The Farm Store as the insured. Thus *Stock*, which was decided after a full trial, is inapposite. More importantly, we have determined that even though The Farm

Store was named as the insured, the interest insured was Kraml's security interest, so that no apportionment of loss with Aetna *et al.*, who had insured a different interest of The Farm Store, was required.

The judgment of the trial court is reversed and the cause remanded for entry of summary judgment for California Union Insurance Company on the issue of apportionment.

Reversed and remanded.

MEJDA, P.J., and PINCHAM, J., concur.