DEERFIELD MANAGEMENT COMPANY *et al.*, Plaintiffs and Counter-defendants-Appellants, v. OHIO FARMERS INSURANCE COMPANY, Defendant and Counterplaintiff-Appellee (Georgia Diamantopulos, Indiv. and d/b/a Georgia's Fashions, Defendants-Appellees).

Second District   No. 2—87—0709

Opinion filed September 1, 1988.—Rehearing denied October 21, 1988.

Louis W. Brydges, Sr., and Leslie A. Peterson, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellants.

Shaun McParland, Jean E. Faulhaber, and Michael W. Morrison, all of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellees Ohio Farmers Insurance Company and Verna Allen.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs-counterdefendants, Deerfield Management Company, Inc. (Deerfield), d/b/a Karcher Hotel, and Unigard Security Insurance Company (Unigard), appeal from an order of the circuit court of Lake County. The order appealed from denied plaintiffs' motion for summary judgment on their complaint for declaratory judgment and granted defendant-counterplaintiff Ohio Farmers Insurance Company's (Ohio's) motion for summary judgment on its counterclaim for declaratory judgment. We affirm in part and dismiss in part.

Prior to deciding the merits of an appeal an appellate court has the duty to determine whether the appeal has been properly taken so

as to invoke its jurisdiction, even though that issue is not raised by a party. (*Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 800, 506 N.E.2d 381, 383.) Thus, while neither party has raised the issue, we will first consider whether we have jurisdiction to decide this appeal.

As relevant to our jurisdiction, the order appealed from provides:

> "This cause having come on for hearing on the motion of [Deerfield and Unigard] for Summary Judgment on their Complaint for Declaratory Judgment and for hearing on the motion of [Ohio] for Summary Judgment on its Counterclaim for Declaratory Judgment, the parties having received notice, and the Court having heard oral argument, it is hereby ordered:
>
> 1) The motion of [Deerfield and Unigard] for Summary Judgment on the Complaint for Declaratory Judgment is denied;
>
> 2) The motion of [Ohio] for Summary Judgment on the Counterclaim for Declatory [*sic*] Judgment is granted in favor of [Ohio] and against [Deerfield and Unigard].
> * * *
> 4) This Court finds no just reason to delay enforcement or appeal of this Order."

Although contained in a single written document, it is readily apparent that the trial court was disposing of two separate motions going to two different claims. First, there was the motion for summary judgment on the complaint, which was denied. Second, there was the motion for summary judgment on the counterclaim, which was granted. At this point, the jurisdictional question is obvious.

■ This court, subject to exceptions for appeals from interlocutory orders specified in our supreme court's rules, is without jurisdiction to review judgments, orders, or decrees which are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 481-82. See also Ill. Const. 1970, art. VI, §6; 107 Ill. 2d Rules 301, 303, 304, 306 through 308.) Since none of the rules permitting interlocutory appeals applies in the case at bar (107 Ill. 2d Rules 306 through 308), this appeal must be from a final judgment for this court to have jurisdiction.

The jurisdictional problem stems from the denial of plaintiffs' motion for summary judgment on their complaint for a declaratory judgment. Our supreme court has said:

> "A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the par-

ties in the lawsuit. [Citations.] We have also stated on many occasions that a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. [Citations.]" (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482.)

An order denying a summary judgment does not terminate the litigation and so is not a final judgment. (See, *e.g.*, *La Salle National Bank v. Little Bill "33" Flavors Stores, Inc.* (1967), 80 Ill. App. 2d 298, 225 N.E.2d 465; *Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 366, 187 N.E.2d 274, 278; *Jeske v. Leoris* (1961), 31 Ill. App. 2d 231, 175 N.E.2d 672.) Moreover, the trial court's finding that there was "no just reason to delay enforcement or appeal" did not make the interlocutory order denying summary judgment a final judgment. *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 408, 403 N.E.2d 1036, 1039; *Davis v. Childers* (1965), 33 Ill. 2d 297, 300-01, 211 N.E.2d 364, 367; *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 6, 388 N.E.2d 1073, 1078; 107 Ill. 2d R. 304(a).

There are some cases in which the denial of a summary judgment is reviewable. However, those are cases on appeal from a final judgment on the claim on which summary judgment was denied.

The general rule is "that if a motion for summary judgment is improperly denied the error is not reversible for the result becomes merged in the subsequent trial." (*Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 367, 187 N.E.2d 274, 278.) However, an appellate court may review:

"[T]he denial of a motion for summary judgment where the case is on appeal *** from a final judgment and there has been no evidentiary hearing or trial, and the party seeking such review has not in any way prevented or avoided such hearing or trial." (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1034, 402 N.E.2d 352, 355.)

(See also *International Association of Machinists & Aerospace Workers, District Lodge No. 140 v. Cheshire/A Xerox Co.* (1984), 125 Ill. App. 3d 350, 352, 465 N.E.2d 981, 983; *Novak v. Insurance Administration Unlimited, Inc.* (1980), 91 Ill. App. 3d 148, 152, 414 N.E.2d 258, 261-62.) Similarly, where a trial court ruled on cross-motions for summary judgment, denying the plaintiff's and granting the defendant's, the Illinois Supreme Court held:

"[W]hen, as in this case, the trial court granted defendant's summary judgment motion as well as denying plaintiff's motion [for summary judgment], the resulting order became final

because it entirely disposed of the litigation. The cause was thus appealable in its entirety. Therefore it was not improper for the appellate court to reverse the denial of plaintiff's motion [for summary judgment]." (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 494, 505 N.E.2d 314, 320.)

The denial of summary judgment at bar is not appealable under these principles.

What makes the case at bar different, and the denial of summary judgment nonappealable, is that there has been no final judgment on the claim for which summary judgment was denied. There were motions for summary judgment by plaintiffs on the one hand and defendant Ohio on the other, but these motions were directed at two different claims.

Plaintiffs sought summary judgment on their complaint, which was based upon an insurance policy issued by Ohio and sought a declaration:

"1. That [Deerfield] is a named insured under the [insurance policy issued by Ohio].

2. That [Ohio] is obligated to defend and indemnify Deerfield *** with respect to any claims brought against Deerfield arising out of the fire of December 25, 1984 and pay all cost [*sic*] and attorneys fees incurred by [Deerfield].

3. For such other and further relief as this court deems just and equitable."

Ohio sought summary judgment on its counterclaim, which was based upon an insurance policy issued by Unigard and sought a declaration:

"1. That [Unigard] is obligated to defend and indemnify [Deerfield] with respect to any claims brought against [Deerfield] arising out of the fire of December 25, 1984 and to pay all costs and attorney's fees incurred by [Deerfield].

2. That [Ohio] has no duty to indemnify any party to this cause until and unless the limits of the primary policy are exhausted.

3. That [Ohio] has no duty to defend [Deerfield] with respect to any claims brought against [Deerfield] arising out of the fire of December 25, 1984; has no duty to pay any costs associated with such a defense; and has no duty to pay any attorney's fees associated with such a defense."

There are obviously different claims at issue in the complaint and the counterclaim.

Although there has been a final judgment as to the counterclaim

(see, *e.g.*, *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 494, 505 N.E.2d 314, 320; *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 398-99, 389 N.E.2d 1286, 1298), there has been no final judgment as to the complaint. This court therefore lacks jurisdiction to review the denial of plaintiffs' motion for summary judgment on their complaint for a declaratory judgment. (See *City of Chicago ex rel. Charles Equipment Co. v. United States Fidelity & Guaranty Co.* (1986), 142 Ill. App. 3d 621, 629, 491 N.E.2d 1269, 1274-75.) Accordingly, the portion of this appeal which is from the denial of plaintiff's motion for summary judgment must be dismissed.

█ As was previously noted, the order granting summary judgment on Ohio's counterclaim for a declaratory judgment was a final judgment with respect to that claim. (See *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 494, 505 N.E.2d 314, 320; *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 398-99, 389 N.E.2d 1286, 1298.) Moreover, the trial court found there was "no just reason to delay enforcement or appeal" of the order. (107 Ill. 2d R. 304(a).) Thus, although there has not been a final judgment as to all claims and parties in the case at bar, the final judgment as to Ohio's counterclaim is nonetheless appealable. (107 Ill. 2d R. 304(a); *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 685, 452 N.E.2d 372, 375.) We will therefore consider plaintiffs' appeal from that judgment.

The facts relevant to that judgment will be stated briefly. Legal and equitable title to the Karcher Hotel for Active Seniors in Waukegan were held by American National Bank and Trust Company (American) as land trustee under trust No. 53150. Deerfield managed the Karcher Hotel as American's agent. Georgia Diamantopulos (Diamantopulos) operated Georgia's Fashions Cleaners (Georgia's) on the ground floor of the Karcher Hotel. On December 25, 1984, a fire that originated in Georgia's killed several, and injured several other, tenants of the Karcher Hotel. Suits were filed against Deerfield. The instant declaratory judgment action concerns which of two insurance policies, one issued by Ohio or one issued by Unigard, provided primary coverage for any liability of Deerfield for losses resulting from the fire.

Georgia's was located in store space leased from American through its agent, Deerfield. The lease provided, *inter alia*:

"Lessee hereby indemnifies and holds Lessor and its agents and employees harmless from all claims and any costs, including attorneys' fees, related thereto, made by any person arising out of Lessee's use and operation of the leased premises.

> Lessee shall carry comprehensive public liability insurance with a policy limit of at least $500,000.00 per individual or occurrence. Such insurance shall be carried with a financially sound carrier and shall name Lessor as an additional insured. Lessor shall be furnished with a certificate of insurance requiring at least ten days prior written notice to Lessor of the cancellation of such insurance."

In compliance with this provision of the lease, Georgia's carried the Ohio insurance policy, with itself as the named insured and Deerfield as an additional insured.

The parties are agreed that, if Deerfield is liable for losses resulting from the fire, then both the Ohio and the Unigard policies provide coverage. The parties disagree over which policy provides primary and which provides excess coverage for such losses.

The Ohio policy also provided:

> "Under Coverage E, this policy does not apply:
> * * *
> 4. to liability assumed by the insured under any contract or agreement except a contract as defined in this policy[.]
> * * *
> [C]ontract means any written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies, provided, that such liability shall not be construed as including liability under a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the insured will be done in a workmanlike manner[.]
> * * *
> [N]amed insured means the person or organization named in Item 1 of the Declarations of this policy[.]"

Georgia's was the named insured under this policy. Deerfield was an additional (but not the named) insured under the Ohio policy, "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises *** leased to the named insured," subject to additional exclusions not relevant here.

Finally, each of the policies contained an "Other Insurance" provision. The Ohio policy's provided:

> "This insurance shall apply only as excess insurance over any other valid and collectible insurance which would apply in the absence of this policy, except insurance written specifically to cover as excess over the limits of liability applicable to Section II of this policy."

The Unigard policy's provided:

"The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of [Unigard's] liability under this policy shall not be reduced by the existence of such other insurance."

It is these "Other Insurance" provisions whose construction is dispositive of the issue raised.

The "Other Insurance" clauses of the Ohio and the Unigard policies are unambiguous and are not incompatible. Under them, the Unigard policy is primary, and the Ohio policy provides excess coverage. This, in fact, is the conclusion we drew when we construed similar "Other Insurance" clauses in another case. *Honeywell, Inc. v. American Motorists Insurance Co.* (1982), 109 Ill. App. 3d 955, 441 N.E.2d 348.

■ Plaintiffs contend that the terms of the lease between Georgia's and Deerfield indicate that the intent of the parties to the Ohio policy (*i.e.*, Georgia's and Ohio) was that the Ohio policy be primary insurance. Assuming *arguendo* that the unambiguous terms of the Ohio policy could be rendered ambiguous and interpreted contrary to their plain meaning on the basis of the lease, there are still two flaws in this argument.

First, there is no indication in the record that Ohio ever considered the provisions of the lease in its dealings with Georgia's prior to execution of the policy. The lease is therefore of little value in determining what Georgia's and Ohio mutually assented to in their insurance contract. Contrary to the implications of arguments made by plaintiffs, the limited assumption of Georgia's contractual liabilities by Ohio did not serve to assume all of Georgia's obligations under the lease; in particular, Ohio did not thereby assume Georgia's obligation to obtain a policy of insurance that met the requirements of the lease.

Second, the lease does not require primary insurance and does not indicate an intent that the insurance must be primary in all instances. All it indicates is the parties' intent that Georgia's carry insurance of certain risks in a particular minimum amount with Deerfield as an additional insured. Georgia's did so. The result in this case, moreover, is in keeping with the intent that Deerfield be covered. The Unigard policy, which Deerfield apparently carried for additional protection, will cover Deerfield as primary insurance, and the

Ohio policy will cover Deerfield as excess insurance, providing Deerfield with all of the protection it obviously intended to obtain when it both signed the lease and carried the Unigard policy. Thus, it is by no means apparent that the parties to the lease intended that Georgia's obtain insurance that would in all instances be primary.

■ Plaintiffs contend that Ohio's policy was primary because of the indemnification clause of the lease between Georgia's and Deerfield and the contractual liability coverage of the Ohio policy. These are matters beyond the scope of the case at bar. There is no action for a breach of, or the construction of, the lease before us; and there is no claim by Deerfield against Georgia's pursuant to the lease, which might be covered by the contractual liability coverage of the Ohio policy, involved in the declaratory judgment action at bar. We will not express an opinion as to whether, if Deerfield loses any of the Karcher Hotel-fire lawsuits, Deerfield would be entitled to indemnification from Georgia's or whether the Ohio policy would cover any such claim.

We do have two observations that may help clarify this matter for the parties. First, to the extent that Georgia's may be required to indemnify Deerfield, it will be liable for "all claims and any costs, including attorney's fees, related thereto." Under the indemnification agreement, Georgia's has no duty to defend Deerfield, only a duty to reimburse Deerfield for defending any covered claims. Second, for purposes of a contractual liability claim, only Georgia's would be an insured. There are two reasons for this. One is that only the named insured (i.e., Georgia's) is covered by the Ohio policy for contractual liabilities. The second is that Deerfield's claim would be that Georgia's, under the lease, was obligated to pay for claims resulting from the Karcher Hotel fire. In other words, the contention would be that Georgia's is contractually liable to Deerfield and the contractual liability coverage of the Ohio policy covers that liability. If a defense of such a case were to be made, it would be a defense of Georgia's against a claim by Deerfield. Ohio's duty to defend under the contractual liability coverage runs to the insured potentially covered (i.e., Georgia's) and not to the claimant to whom its insured is potentially liable (i.e., Deerfield).

■ Plaintiffs contend that the Unigard policy is not "other valid and collectible insurance which would apply in the absence of" the Ohio policy because the policies insured different interests in the property and were in favor of different persons. (See De Foor v. Northbrook Excess & Surplus Insurance Co. (1984), 128 Ill. App. 3d 929, 933-34, 471 N.E.2d 938, 941-42.) Plaintiffs' argument is based

on American being an insured under the Unigard policy and Georgia's being an insured under the Ohio policy, and on American and Georgia's having different interests in the leased premises. This is all beside the point. It is Deerfield's coverage under each policy that is at issue in the case at bar. The same Deerfield was insured for its same interest in the Karcher Hotel under each policy, so the two policies insured the same interests in the same property in favor of the same person for the purposes of this case. *Cf. De Foor v. Northbrook Excess & Surplus Insurance Co.* (1984), 128 Ill. App. 3d 929, 471 N.E.2d 938.

The Unigard policy was primary insurance, and the Ohio policy was excess insurance. The trial court therefore did not err in granting Ohio's motion for summary judgment on its counterclaim for declaratory judgment, and so that judgment will be affirmed.

Plaintiffs also argue that "Ohio has breached its contract of insurance and should be estopped from raising any policy defenses." This argument concerns the claim made in plaintiffs' complaint and does not concern the claim made in Ohio's counterclaim. Since it is unnecessary to do so to decide this appeal, this argument will not be addressed.

The portion of this appeal that is from the denial of plaintiffs' motion for summary judgment on their complaint for a declaratory judgment is dismissed. The portion of this appeal that is from the judgment of the circuit court of Lake County granting Ohio's motion for summary judgment on its counterclaim for a declaratory judgment is affirmed.

Affirmed in part; dismissed in part.

UNVERZAGT and WOODWARD, JJ., concur.